391 So.2d 757 (1980)
Robert B. DOTSON and Bobbie Jean Dotson, His Wife, Appellants,
v.
Frank M. WOLFE, Appellee.
No. 80-159.
District Court of Appeal of Florida, Fifth District.
December 24, 1980.
John M. Starling of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellants.
Joe Teague Caruso of Wolfe, Kirschenbaum, Caruso, Mosley, Scott & Kabboord, P.A., Cocoa Beach, for appellee.
COBB, Judge.
This case involves the issue of whether certain language used in a deed created an easement or a license.
In the early 1960's Mr. and Mrs. Bogoson owned a parcel of land that fronted on U.S. Highway 1 in Brevard County. The parcel *758 of land was undeveloped except for a gas station on the northeast corner of the lot and a house which sat behind the gas station. Mrs. Bogoson filed a suit for dissolution of the marriage. In 1964, a settlement was reached between the Bogosons in which the wife received the northern half of the parcel of land, including the gas station, but excluding the lot with the house on it and an adjacent vacant lot. The husband received the southern half of the parcel of land, as well as the lot with house on it and the adjacent vacant lot. The wife quit-claimed the lot with the house on it and the adjacent vacant lot to the husband. The quit-claim deeds stated that they were conveying the described lots:
[T]ogether with a way for ingress and egress from said property to U.S. Highway 1, along the south side thereof, for so long as other suitable similar way of egress and ingress is not available.
In 1966, the ex-wife subsequently conveyed her parcel of land to her attorney, Frank Wolfe, who is the appellee in the case at hand. In 1970, Ethel Mylius (the second wife of Mr. Bogoson) conveyed the lot with the house on it to the Dotsons, who are the appellants in the case at hand. The deed stated that it was conveying the described property:
[T]ogether with fifty foot wide road right-of-way for ingress and egress along the south side of the property to U.S. Highway No. 1.
In 1972, Dorothy Bogoson (the daughter of Mr. Bogoson), conveyed the adjacent vacant lot to the Dotsons. That deed stated that it was conveying the described property:
[T]ogether with a way for ingress and egress from said property to U.S. Highway 1, along the south side thereof, for so long as other suitable similar way of egress and ingress is not available.
The titles to both of the pieces of property purchased by the Dotsons were insured by Lawyers Title Guaranty Co. The Dotsons notified Lawyers Title that they wanted the title to their property cleared up as to what right they had over Wolfe's property. This litigation ensued.
The Dotsons filed a three-count complaint against Wolfe. Count I of the complaint sought an express easement of fifty feet in width, along the southern boundary of the Dotsons' property, running across Wolfe's property to U.S. Highway 1. Count II sought an express easement of an indeterminate width at the same location. Count III sought an implied grant of way of necessity. The trial court dismissed Count III, and then found that the language in question created an irrevocable license rather than an easement and entered a final summary judgment in favor of Wolfe on Counts I and II. The Dotsons are appealing both of these orders.
With regard to the dismissal of the count alleging an implied grant of way of necessity, the trial court was correct in dismissing that count since copies of the deeds to the Dotsons' property that were attached to the complaint show that the Dotsons had a right to cross Wolfe's property for ingress and egress to their property and, therefore, the Dotsons had no right to an implied grant of way of necessity. See Health Application Systems, Inc. v. Hartford Life & Acc. Ins. Co., 381 So.2d 294 (Fla. 1st DCA 1980).
We now turn to consideration of the final summary judgment. The parties have apparently agreed upon the location of this way for ingress and egress based on the existence of an roadway running across Wolfe's property and abutting the southerly line of the Dotsons' property. However, the parties are contesting the width of this way. Based on an unrecorded plat of a proposed subdivision, which was attached to the Bogosons' dissolution settlement, the Dotsons are claiming that this way is fifty feet in width. On the other hand, Wolfe contends that the way is limited to the width necessary for the passage of the Dotsons' motor vehicles. We agree with Wolfe on the width issue.
The distinction between an easement and a license is often so metaphysical, subtle, and shadowy as to elude analysis. Nunnelly v. Iron Co., 94 Tenn. 397, 29 S.W. 361, 28 *759 L.R.A. 421 (1895). But there are certain fundamental principles underlying most cases which enable courts to distinguish an easement from a license when construed in the light of the surrounding circumstances. Burdine v. Sewell, 92 Fla. 375, 109 So. 648 (1926).
A license is distinguished from an easement in that a license is merely a personal right to use the property of another for a specific purpose, is not an interest in land and, therefore, may not be assigned or conveyed. Burdine v. Sewell, supra; Jenkins v. Lykes, 19 Fla. 148, 45 Am.R. 19 (1882); The Florida Bar, Florida Real Property Practice I § 12.14 (1965); 1A Thompson on Real Property §§ 216, 217 (1980). As a personal right, a license usually may be revoked at will by the licensor. The Florida Bar, Florida Real Property Practice I § 12.14 (1965); 1 Boyer, Florida Real Estate Transactions § 23.08 (1979).
There is a split among the jurisdictions as to whether a license may ever become irrevocable. Rerick v. Kern, 14 Serg. & R. (Pa.) 267, 16 Am.Dec. 497 (1826); 1A Thompson on Real Property § 225 (1980). Florida has sided with those jurisdictions which have allowed a license to become irrevocable to escape an inequitable situation which might be created by the requirements of the statute of frauds, or where money has been spent in reliance on a license. Seaboard Air Line Ry. Co. v. Dorsey, 111 Fla. 22, 149 So. 759 (1933); Albrecht v. Drake Lumber Co., 67 Fla. 310, 65 So. 98 (1914); The Florida Bar, Florida Real Property Practice I § 12.14 (1965).
An easement is chiefly distinguished from a license in that an easement implies an interest in the land, which is ordinarily created by a grant in a deed, and is often permanent. Winthrop v. Wadsworth, 42 So.2d 541 (Fla. 1949); Burdine v. Sewell, 92 Fla. 375, 109 So. 648 (1926); 20 Fla.Jur.2d Easements § 3 (1980). However, an easement does not have to be permanent, but rather an easement may be created which ends upon the happening of a condition. Scott v. Walden, 140 Tex. 31, 165 S.W.2d 449, 154 A.L.R. 1 (1942); 2 Thompson on Real Property § 440 (1980).
The language in the quit-claim deeds from ex-wife Bogoson to ex-husband Bogoson created such an easement subject to termination upon the happening of a condition subsequent. This is the interest that the later deeds to the Dotsons also conveyed.
We therefore affirm the dismissal of the claim for implied grant of way of necessity. We affirm the trial court's final summary judgment with regard to Count I. We reverse that portion of the final summary judgment which interpreted the language on the deeds as an irrevocable license, rather than an easement subject to a condition and, therefore, denied Count II. We remand to the trial court for such further proceedings as will enable it to define the width of the easement. See Hurt v. Virginia Heights Assoc., Inc., 244 So.2d 483 (Fla. 4th DCA 1971); Kingdon v. Walker, 156 So.2d 208 (Fla.2d DCA 1963).
AFFIRMED in part; REVERSED in part; and remanded.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.