482 So.2d 410 (1985)
Thomas F. FIELDS, et al., Appellants,
v.
Hurley NICHOLS, et al., Appellees.
No. 84-1849.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
*411 James R. Lavigne, P.A., Maitland, for appellants.
C. John Coniglio, P.A., Wildwood, for appellees.
COBB, Chief Judge.
This appeal challenges the propriety of the trial court's resolution of a dispute as to the existence and correct location of a public right-of-way in Sumter County, originally known as "Nichols Cemetery Road," now known as Sumter County Road 246. The factual background of this dispute indicates that this road has been in existence for many years, perhaps since the last century. It runs in a southwesterly direction through the northern half of section 17, Township 18 South, Range 22 East in Sumter County, as shown by the following diagram:
*412 
In 1960, the Nichols family owned the property in section 17 immediately north of a rectangular piece known as the Barnhill property. Part of the Nichols land was utilized for a cemetery. The northwest corner of the Barnhill Property coincides with the half-mile marker on the western section line of section 17. The location of the marker at that time was thought to be some 15-20 feet south of the true half-mile marker.
On December 7, 1960, R.H. and J.H. Nichols and their respective wives executed a quit-claim deed to Sumter County for right-of-way purposes, conveying:
A 30-foot strip of land beginning on the section line of the northeast corner of Section 17, Township 18 South, Range 22 East, between Sections 8 and 17; run west along section line 1,650 feet, thence bearing in a southwesterly direction along the present road to 1/2 mile post on the west side of said Section 17, Township 18 South, Range 22 East.
The purpose of the deed was to provide public access to the Nichols Cemetery, and require the county to pave the road at least to the cemetery, even though the dirt road ran some 800 feet southwest past the cemetery and crossed the section line into the section to the west, as shown by the above *413 diagram. In 1972, the county did pave the road as far as the cemetery.
In March, 1971, the Barnhill property was purchased by one Olan Spivey, who subsequently subdivided it into eleven lots running north and south, with the northern 50 feet of the property reserved as an easement for all of the lot owners to have east-west access. Spivey obtained a survey in 1977 which accurately located the half-mile marker and revealed that the Barnhill property extended some 15-20 feet farther north than previously thought. Spivey therefore represented to his purchasers that they all had access across the 50-foot easement to the unpaved cemetery road at the northwest corner of the Barnhill property, since the existing dirt road now ran into the westerly (Anderson) lot of the subdivision. However, this access of the eleven lot owners was blocked in February, 1981, when Hurley Nichols (son of R.H. Nichols) erected a fence between the Anderson lot and the cemetery road, as relocated by Nichols north of the Barnhill property. This "relocation" of the cemetery road so that it no longer touched the Barnhill property was based on Nichols' assumption that the location of the road should be shifted north to coincide with the grantors' belief in 1960 that the road reached the section line on the north point of the one-half mile marker. Since the marker was actually farther north, then the road correspondingly should be farther north  at least according to Nichols.
Consequently, the plaintiffs (owners of the subdivided Barnhill property) filed their complaint requesting declaratory, injunctive and other relief. After a three-day nonjury trial in 1982, the trial court entered its final judgment, making the following findings of fact and conclusions of law:
1. On December 7, 1960, a 30-ft. strip of land beginning on the section line of the northeast corner of Section 17, Township 18 South, Range 22 East, between Sections 8 and 17; run west along section line 1,650 feet, thence bearing in a southwesterly direction along the then present road to the 1/2 mile post on the west side of Section 17, Township 18 South, Range 22 East, for right-of-way purposes only, all in the County of Sumter, State of Florida, was deeded to Sumter County, Florida, by Quit-Claim Deed executed by R.H. Nichols and wife, Lula Mae Nichols, and J.H. Nichols and wife, Estelle Nichols.
2. The aforesaid Quit-Claim Deed was recorded on the 11th day of January, 1961, at 2:00 P.M. in O.R. Book 26, page 455, of the Public Records of Sumter County, Florida.
3. The Plaintiffs are the owners of certain lands located in Sumter County, Florida, and more particularly described in the Plaintiffs' Amended Complaint.
4. The Defendants, HURLEY NICHOLS, NICHOLS CEMETERY ASSOCIATION, INC. and RAFTER J. RANCH, INC., are the owners of those lands as alleged in the Plaintiffs' Amended Complaint.
5. The Defendant, BOARD OF COUNTY COMMISSIONERS OF SUMTER COUNTY, FLORIDA, holds for the beneficial use of the people of this county in this state a certain public road located within Sumter County, Florida, as described in the aforesaid Quit-Claim Deed.
6. The right-of-way described in the aforesaid Quit-Claim Deed has been in existence since before December 7, 1960, and has been a public right-of-way since before December 7, 1960, and has at various times been known as "Nichols Cemetery Road," and since 1978, as Sumter County Road 246.
7. The Court further finds that the aforesaid county road did in fact extend all the way down to the 1/2 mile post as it existed on December 7, 1960, and did not end and terminate more than 800 feet from Plaintiffs' lands as contended by Defendant.
8. The Court further finds that the original 1/2 mile post was within the property presently owned by the Plaintiffs, LARRY J. ANDERSON and MARION A. ANDERSON, his wife, approximately *414 15-20 feet as described by a survey in the spring of 1977.
9. The Court further finds that said county right-of-way did intersect and go through the northwesternmost section of the ANDERSON parcel of property, which property is as described in paragraph 3 of the Amended Complaint and which property was previously owned by Olin J. Spivey and his wife, Shirley J. Spivey.
10. The Court further finds that the correct 1/2 mile post was redefined as claimed by the Plaintiffs in April of 1977.
11. The Court further finds that the Defendant, HURLEY NICHOLS, did change the location and terminating point of County Road 246, also known as "Nichols Cemetery Road," but further finds that the original intent of the original grantor of the deeded right-of-way was to terminate the deeded right-of-way north of the 1/2 mile post. (Emphasis added.)
On appeal the plaintiffs urge that the trial court committed reversible error in paragraph 11 above in allowing the defendant Hurley Nichols to change the location of the terminating point of the deeded right-of-way known as the Nichols Cemetery Road (or County Road 246) from the Anderson property without the consent of all parties. We agree. The trial court erred in considering the intent of the original grantors. The easement deed was not ambiguous: it referred to the present road to the one-half mile post  i.e., the existing road as of December 7, 1960, which ran to the half-mile marker. The cemetery road at that time intersected the Barnhill property and extended into it by some 15-20 feet at its northwest corner. It still does. Hurley Nichols could not "relocate" the road without the consent of the owners of the affected properties. The fact that the grantors in 1960 thought the marker to be on the southerly line of the road rather than near the middle is immaterial.
The applicable rule of law is that easements, once granted and fixed, are not subject to the whims of either the dominant or servient owners of land, and can only be changed by mutual consent of the parties. See Florida Power Corp. v. Hicks, 156 So.2d 408 (Fla.2d DCA 1963), cert. denied, 165 So.2d 177 (Fla. 1964); see also 20 Fla. Jur.2d, Easements § 12 (1980); 25 Am.Jur.2d, Easements & Licenses § 65 (1966). Therefore, the final judgment is wrong in allowing Nichols to relocate the terminus of County Road 246 and to block access to that road from the Anderson lot.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DAUKSCH and ORFINGER, JJ., concur.