506 So.2d 30 (1987)
MERRILL STEVENS DRY DOCK COMPANY, Appellant,
v.
G & J INVESTMENTS CORPORATION, INC., Appellee.
No. 86-1714.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Rehearing Denied May 19, 1987.
*31 Smathers & Thompson and Henry H. Bolz, III, Miami, for appellant.
R. Stuart Huff, Coral Gables, and Mark L. Mallios, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
BASKIN, Judge.
Merrill Stevens Dry Dock Company [Stevens], unsuccessful plaintiff in a trespass action against G & J Investments Corporation, Inc. [G & J], seeks reversal of the amended final judgment. The trial court considered whether an addition to G & J's building trespassed on Stevens' adjoining property. Stevens attempted to prove that its former president, Alex Balfe, had granted G & J a revocable license to erect a concrete slab on the Stevens property in order to provide the then-existing nursing home a safe area for patients confined to wheelchairs, and that Stevens subsequently revoked the license in 1981. When the Department of Health & Rehabilitation Services closed the nursing home in 1981, Stevens sent a letter requesting G & J to remove the slab. G & J failed to respond, and Stevens instituted an action to regain exclusive use of its property. At the conclusion of a non-jury trial, the court ruled that Stevens had failed to prove that it granted G & J a license. The court decided that the statute of limitations ran without tolling, not from the date of a license revocation as contended by Stevens, but from the commencement of unauthorized use of the property in the early 1960's. Accordingly, *32 the court held that Stevens' claim was barred by the statute of limitations and by laches. The court did not reach G & J's alternate defense that the obvious addition of improvements without objection equitably estopped Stevens from asserting its claim. We reverse.
It is well-settled that "[t]respass to real property is an injury to or use of the land of another by one having no right or authority." Guin v. City of Riviera Beach, 388 So.2d 604, 606 (Fla. 4th DCA 1980). A trespass may also occur where the initial presence of a structure on another's property has been authorized, or placed onto the land with the consent of the landowner, but removal of the structure is not forthcoming after consent has been withdrawn. Anchorage Yacht Haven, Inc. v. Robertson, 264 So.2d 57 (Fla. 4th DCA 1972); Restatement (Second) of Torts, § 160 (1965). An action for trespass does not accrue until the property owner has withdrawn his consent to the privileged use, and the statute of limitations does not run during the period of permitted use. See R. Powell, The Law of Real Property §§ 427-28 (1949 & Supp. 1987); §§ 95.031, 95.11(3)(g), Fla. Stat. (1981).
We find error in the trial court's rejection of Stevens' unrebutted testimony that its president granted the nursing home a license which it subsequently revoked. Uncontradicted testimony must be accepted as proof of a contested issue. Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930); Levy v. Cox, 22 Fla. 546 (1886); Florida East Coast Ry. v. Michini, 139 So.2d 452 (Fla. 2d DCA 1962); Kinney v. Mosher, 100 So.2d 644 (Fla. 1st DCA 1958). See Rountree v. Davis, 124 Fla. 212, 167 So. 820 (1936). As this court stated in Duncanson v. Service First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963) (footnotes and citations omitted):
We are duty bound not to disturb the findings of fact of a trial judge in a case heard without a jury where such findings are based upon conflicting competent evidence. However, where the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party, so long as it consists of fact, as distinguished from opinion, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself.
Despite Stevens' uncontroverted testimony, G & J contends that any license that may have been granted went to G & J's predecessor in title. The trial court determined that, with the exception of Mr. Balfe's testimony, Stevens made "no further attempt to identify [the nursing home representative] nor to show that he was affiliated with [G & J] or with its predecessor in title." However, the evidence discloses that the slab was not constructed until after G & J acquired its property in 1962, and that Stevens' property appraisals of 1963, 1971, and 1975 show that Stevens knew of the improvements. Thus, the trial court's finding is contrary to the legal effect of the evidence. See Eig v. Insurance Co. of N. America, 447 So.2d 377 (Fla. 3d DCA 1984); Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983).
G & J's alternate argument that its construction of improvements equitably estopped Stevens from revoking its license lacks merit. In support of this proposition, G & J relies on Dotson v. Wolfe, 391 So.2d 757 (Fla. 5th DCA 1980), and the cases cited in that opinion. We find G & J's reliance to be misplaced. In Dotson the court considered whether language in a quitclaim deed created an easement or a license. The court held that the deed created an easement subject to termination upon the happening of a condition subsequent, not an irrevocable license. In Albrecht v. Drake Lumber Co., 67 Fla. 310, *33 65 So. 98 (1914), a case cited in Dotson, a landowner purchased his land subsequent to the construction of a railroad operating across his property under a license from the landowner's predecessor. The court held that because the landowner purchased the land with full knowledge of the license, and because the railroad owner had incurred great cost, the landowner was estopped from revoking the license. Similarly, in Seaboard Air Line Ry. v. Dorsey, 111 Fla. 22, 149 So. 759 (1932), the court held that the licensee's expenditure of over $281,000 to build a railway station, without objection by the landowner, invoked the doctrine of equitable estoppel.
Those cases are distinguishable from the case before us. Here, the license was of limited duration and scope. Mr. Balfe testified that he was willing to let the nursing home use his land because "we made an agreement that [the nursing home manager] could use that property until such time as we sold it"; however, the license expressly limited use to the nursing home patients. See Jabour v. Tobbino, 293 So.2d 123, 126 (Fla. 3d DCA 1974) (quoting Burdine v. Sewell, 92 Fla. 375, 390, 109 So. 648, 654 (1926)) ("`Where the parties have fully manifested an intention to limit the duration of the right of passage, it is the duty of the courts to enforce that limitation and not to disregard it by giving a perpetual right where only a determinable one was intended.'"). Furthermore, G & J offered no evidence of the expenses incurred in building the slab.[1]
We therefore hold that the trial court's findings of fact and conclusions of law are not supported by competent substantial evidence, see Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), and that the statute of limitations period commenced when Stevens revoked the license in 1981. The remaining arguments lack merit. Accordingly, we reverse the final judgment and remand the cause to the trial court with directions to enter judgment in favor of Stevens, thereby returning exclusive possession to Stevens.
Reversed and remanded.
NOTES
[1] G & J's records were destroyed in a fire in 1974.