589 So.2d 937 (1991)
Roland S. RICHARDSON and Annijane Richardson, His Wife, Appellants,
v.
The DEERWOOD CLUB, INC., a Florida Corporation, Appellee.
No. 91-401.
District Court of Appeal of Florida, First District.
October 8, 1991.
On Motion for Rehearing or Clarification December 13, 1991.
William J. Deas, Jacksonville, for appellants.
W.O. Birchfield, of Martin, Ade, Birchfield & Mickler, Jacksonville, for appellee.
ERVIN, Judge.
In their appeal from a final declaratory judgment, Roland S. and Annijane Richardson, owners of a home and lot within a residential development owned by appellee, Deerwood Club, Inc. (Deerwood or developer), contend that the trial court erred in holding that the owner's access easement was qualified by the developer's right to control and regulate the access ways inside the development; in holding that the developer had the right to amend the owners' access easement to provide a new access way; in permitting testimony and documentary evidence regarding traffic conditions outside Deerwood; in failing to grant the owners' motion for summary judgment; and in reserving jurisdiction to award attorney's fees to the developer. Because we agree with the Richardsons' first argument and reverse on that basis, we do not address the remaining issues.
At the time the Richardsons purchased their property on March 25, 1983, the appellee and its predecessors in interest had executed separate declarations of covenants and restrictions for each individually platted residential development within Deerwood, which imposed requirements regarding the use and operation of the lands and improvements thereon, and conveyed an easement for ingress and egress to each *938 lot owner over the "access ways," i.e., the private streets located within Deerwood. Each declaration provided legal access to Southside Boulevard, a publicly owned and maintained road which bordered the east side of Deerwood. The entrance easement parcel, referred to herein as "the original gate," afforded the only vehicular and pedestrian access to Deerwood between 1960 and November 13, 1988. On the latter date, Deerwood closed the original gate and substituted another gate, "the second gate," providing access out of the development to the Baymeadows Extension located on the south side of Deerwood.
In defense of its decision to substitute the second gate, Deerwood argued that the continued use of the original gate was a safety hazard both inside and outside the Deerwood community, which would only increase once Southside Boulevard was expanded from two to four lanes, as was planned and later implemented by the Department of Transportation. Deerwood further contended that in response to this safety hazard, it relocated the primary entrance to the second gate and limited access through the original gate to emergency vehicles only. The appellants protested the closing of the original gate and questioned the developer's authority to do so, eventually bringing a suit for declaratory judgment against the appellee.
The dispute at bar involves the amended version of paragraph 3 of the declaration of covenants and restrictions, which provides in part:
3(a) The Developer ... does hereby grant to the present and future owners of the lots in said subdivision of Deerwood, Unit Three and their guests... the non-exclusive and perpetual right of ingress and egress over and across the property designated as Parcels, A, B, C, D and E on the plat of Deerwood, Unit One ... subject, however, to the right of the Developer to cancel and terminate such rights of ingress and egress over a portion of said Parcel A as provided hereinafter in paragraph 3(c) hereof ... .
* * * * * *
(b) The Developer shall have the right, but no obligation, from time to time to control and regulate all types of traffic on said access ways, including the right to prohibit use of said access ways by traffic or vehicles which in the sole opinion of the Developer (1) would or might result in damage to said access ways or pavements or other improvements thereon or (2) would or might create safety hazards or result in a disturbance or nuisance on the access ways... .
* * * * * *
(c) The Developer reserves and shall have the sole and absolute right at any time ... to cancel and terminate all rights of ingress and egress granted in paragraph 3(a) hereinabove ... provided, however, that as conditions to the exercise by the Developer of such right of cancellation and termination the Developer ... shall have constructed at its expense pavement, of comparable materials and width as the pavement now located on said Parcel A, such pavement to connect Parcel B as shown on the plat of Deerwood, Unit One with the aforementioned State Road No. 115 [Southside Boulevard]... .
(Emphasis added.) The evidence showed that the original gate was located on parcel A and that an alternate site for another gate, authorized by paragraph 3(c) above, was located on parcel B. The second gate appears, however, to be located on parcel PPP.
Following a bench trial, the trial court concluded as a matter of law that paragraph 3(b) of the covenants and restrictions granted the Richardsons a qualified easement and gave the appellee the right to control and regulate all traffic on the access ways, including the right to prohibit use of an access way by traffic that would or might create a safety hazard. The court concluded that improvements on Southside Boulevard increased the storage problem[1] *939 at the original entrance gate and created a safety hazard, and that paragraph 3(b) authorized Deerwood to alleviate the hazard by relocating the entrance gate to a site it deemed appropriate. We disagree.
We conclude that the trial court did not properly read the three sub-parts of paragraph 3 in pari materia. When the provisions of a grant of easement are unambiguous, such provisions will be given their plain meaning. Avery Dev. Corp. v. Village by the Sea Condominium Apartments, Inc., 567 So.2d 447, 448 (Fla. 4th DCA 1990) (citing Walters v. McCall, 450 So.2d 1139, 1142 (Fla. 1st DCA 1984)). We find that the terms of 3(c) limit the application of the terms of 3(b). Although 3(b) permits the developer to terminate access through the original gate in the event of a safety hazard, the only alternative site for an entrance gate, in the event the original gate is closed, is provided in 3(c), which designates a site on parcel B on Southside Boulevard. In our judgment there is no language in paragraph 3 which permits closure and limited usage of the original gate in exchange for a gate on the south end of Deerwood, as has occurred in this case.
REVERSED and REMANDED with directions to the trial court to enter a declaratory judgment in favor of the Richardsons consistent with this opinion.
ZEHMER and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
ERVIN, Judge.
Appellee asks this court to consider the effect of its amendment of paragraph 3 of the declaration of covenants and restrictions. We conclude that the amendment was invalid and has no bearing on our decision in this case.
After the Richardsons filed the lawsuit at bar, claiming that paragraph 3 did not give Deerwood authority to close the original gate on Southside Boulevard and restrict ingress and egress only to the new gate, Deerwood recorded an amendment to paragraph 3, which substituted a new paragraph authorizing closure of the old gate. The trial court held that Deerwood had properly amended paragraph 3 pursuant to paragraph 40 of the restrictions and covenants. Paragraph 40 provides, in pertinent part: "The Developer reserves and shall have the sole right (a) to amend these covenants and restrictions other than those contained in paragraph 36, but all such amendments shall conform to the general purposes and standards of the covenants and restrictions herein contained[.]" (Emphasis added.)
Because paragraph 3 formerly authorized an alternative entrance gate to be built only at another site on Southside Boulevard, rather than elsewhere in the development, we conclude that an amendment that authorized a replacement gate to be built on the Baymeadows Extension did not "conform to the general purposes and standards" of the existing covenants and restrictions; thus the amendment was not validly promulgated pursuant to the provisions of paragraph 40. In so concluding, we note that Deerwood may still seek to amend the covenants and restrictions pursuant to paragraph 41, which gives the developer the right to amend, so long as 75 percent of the lot owners consent.
The motion for clarification is granted to the extent stated. The motion for rehearing is denied.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] "Storage" refers to the area where cars stop while waiting at a traffic signal.