598 So.2d 246 (1992)
Homer W. ROACH, Appellant,
v.
CSX TRANSPORTATION, INC., a corporation, Appellee.
No. 90-3335.
District Court of Appeal of Florida, First District.
May 11, 1992.
*247 Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Beckham & McAliley, P.A., Jacksonville, for appellant.
Ronald R. Oberdier, Humphries, Kellogg & Oberdier, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
Homer Roach appeals an adverse final judgment entered on the jury's verdict in his personal injury action against his employer, CSX Transportation, Inc., based on a violation of the Federal Safety Appliance Act, 45 U.S.C. §§ 1-16. Raising two points, he contends that the trial court (1) erred in denying his motion for directed verdict on the issue of a defective appliance because the undisputed evidence established as a matter of law that the railroad car hand brake was defective in violation of the Safety Appliance Act, and (2) erred in denying his motion for new trial because the jury's verdict was contrary to the manifest weight of the evidence. We perceive the pivotal issue presented under both points to be whether the evidence was legally sufficient to impeach the plaintiff's testimony on essential elements of his case so that the jury was warranted in discrediting and not believing part or all of it. Finding no error in the trial court's rulings, we affirm.
Plaintiff's complaint alleged that in the course and scope of his employment with CSX, he attempted to release a hand brake on a railroad car; the hand brake failed to operate properly and was therefore defective within the meaning of the Federal Safety Appliance Act; the defective brake caused a serious and permanent personal injury; and CSX was absolutely liable for *248 his damages under the Act. CSX denied liability and the matter proceeded to trial before a jury.
Each party has been represented by highly competent lawyers at trial and on appeal, and the trial was conducted with a minimum of objections. Plaintiff was the only direct witness to what happened at the time of the alleged incident and presented the testimony of other employees to "corroborate" that he had complained and reported the incident. Essentially, plaintiff testified that he was part of a four-man crew charged with moving a freight train. In preparation for the move, he and a coworker were required to release the hand brakes on the cars that had been set by them the previous night. Each man worked independently on separate cars. While attempting to release the brake on one of the cars, plaintiff testified, he encountered some difficulty throwing the lever that released the pawl holding the brake in the locked position, and when it released, the brake wheel did not immediately release and turn. As he attempted to grab and rotate the brake wheel to fully release the lock, it spun without warning and gave a sudden jerk to his arm, causing the injury for which he is seeking damages. Plaintiff knew that he was required to report all Safety Appliance Act defects in a written report noting the car number, but he did not record the car number in this instance. He testified that he did report the incident to his coworker and to the train conductor, but there was apparently no discussion with the conductor about a defective hand brake. The incident was not reported to the trainmaster until several days later. Plaintiff further testified that after this incident he began to suffer a numbing or tingling sensation in his arm when he was not using it, such as when lying in bed at night. This condition did not interfere with his ability to work, however, and he lost no time from his employment due to this injury. According to medical testimony, the numbing condition of which plaintiff complained could have been caused by this type of accident, and the condition is apparently untreatable from a medical standpoint. Plaintiff's coworker and the train conductor testified about plaintiff's having reported the incident to them.
Plaintiff's testimony unquestionably was sufficient to create issues of fact to be decided by the jury. Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615 (1947) (error to grant directed verdict for railroad in conductor's suit for railroad's violation of the Federal Safety Appliance Act where conductor's testimony that as he attempted to set the hand brake he discovered it was stiff, it kicked back in such a way that he could not hold it, and he fell to the ground and was seriously injured, raised questions of fact for the jury as to whether the brake was efficient, i.e., in violation of the act, and whether the violation caused the conductor's injuries). Hence, the only significant area of contention at trial was whether plaintiff's testimony of the defect and injury should be believed or disbelieved by the jury. CSX, through cross-examination of the witnesses and the introduction of documentary evidence, challenged the veracity of the plaintiff's case by urging several inconsistencies in his testimony.
At the conclusion of the trial, plaintiff moved for a partial directed verdict to establish as matter of law that the railroad had violated the Safety Appliance Act by furnishing a hand brake that was not efficient as required by the federal statute. The court denied the motion, finding that the issue was a matter of disputed fact for the jury to decide. The jury's verdict, rendered on a form requested by plaintiff, answered "no" to the question: "Was there a violation of the Federal Safety Appliance Act that was a legal cause of Plaintiff's injuries?" Judgment was entered for CSX, and the court denied plaintiff's renewed motion for a partial directed verdict and motion for new trial on grounds the verdict was contrary to the manifest weight of the evidence. Hence, this appeal.
When actions under the Federal Safety Appliance Act for which the Federal Employer's Liability Act provides a remedy are tried in state courts, state procedural law generally governs matters of practice *249 and procedure, St. Louis Southwestern Ry. Co. v. Dickerson, 470 U.S. 409, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303 (1985), while federal law determines questions as to the nature and sufficiency of evidence, proof necessary for judgment, and burden of proof. Brady v. Southern Railway Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943); Atlantic Coast Line Railway Co. v. Barrett, 101 So.2d 37 (Fla. 1958); Overstreet v. Atlantic Coast Line Railroad Co., 152 So.2d 188 (Fla. 1st DCA 1963). When motions for directed verdicts are made in these cases, the judge must grant the motion only if, viewing the evidence in its entirety and drawing all reasonable inferences in favor of the nonmoving party, no reasonable jury could reach a contrary verdict. Smith v. United States, 894 F.2d 1549 (11th Cir.1990).
A motion for new trial is directed to the sound exercise of the broad discretion of the trial judge, and the trial court's ruling shall not be disturbed except on a clear showing of abuse of that discretion. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). "If reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion." Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla. 1981).
Plaintiff argues that the evidence at trial established without controversion or dispute each of the elements of his cause of action for a violation of the Safety Appliance Act. He relies on the rule that undisputed evidence must be accepted as true, and that finders of fact are not free to disbelieve such evidence and return findings contrary to it. We, as well as CSX, agree with this general proposition and accept the correctness of the statement quoted in appellant's brief from Merrill Stevens Dry Dock Co. v. G & J Investments Corp., Inc., 506 So.2d 30, 32 (Fla. 3d DCA), review denied, 515 So.2d 229 (Fla. 1987):
We find error in the trial court's rejection of Stevens' unrebutted testimony that its president granted the nursing home a license which it subsequently revoked. Uncontradicted testimony must be accepted as proof of a contested issue. [Citations omitted.] As this court stated in Duncanson v. Service First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963) (footnotes and citations omitted):
We are duty bound not to disturb the findings of fact of a trial judge in a case heard without a jury where such findings are based upon conflicting competent evidence. However, where the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party, so long as it consists of fact, as distinguished from opinion, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself.
Based on this principle, plaintiff argues that the inconsistencies in the testimony are merely "minor discrepancies" which relate wholly to collateral matters and thus do not operate to impeach or contradict his testimony regarding the existence of the defective hand brake or that such defect caused him to be injured.
After careful review of the record, we reject plaintiff's argument. While some of the inconsistencies or "discrepancies" may have related to collateral matters, most related to material issues in dispute. Testimony about who plaintiff reported the incident to, and what he said when and where, were material issues on which CSX established inconsistencies. Plaintiff's failure to note the car number and make the required report of a defective hand brake is relevant to his credibility regarding whether the alleged event actually happened at all. Plaintiff's several explanations of excuses for his failure to report the car number served to create issues of credibility for the jury. Testimony and documentary evidence demonstrating inconsistencies in regard to the nature of plaintiff's injury, when he first made such complaints, the *250 effect of the injury on him, and whether he did in fact suffer a serious injury at any time, all related to material issues in dispute. Once CSX impeached plaintiff's testimony with inconsistencies on material issues and thereby placed his veracity and credibility in question, the jury was entitled to judge his credibility as a witness in its entirety and accept or reject his testimony on these and other issues as well. We hold that the testimonial inconsistencies developed by CSX in this case were legally sufficient to cast doubt on the credibility of plaintiff's testimony on essential issues. That being so, whether the accident happened as described by plaintiff and whether he sustained an injury as a result of a defective hand brake were issues properly resolved by the jury. Cf. Coleman v. Burlington Northern, Inc., 681 F.2d 542 (8th Cir.1982); Van Boening v. Chicago and North Western Transportation Co., 882 F.2d 1380 (8th Cir.1989). If the jury rejected plaintiff's testimony, as it reasonably could have on this record, then the jury was entitled to find that the hand brake was not defective as related by plaintiff, or that plaintiff did not suffer an injury as described in his testimony. Accordingly, the trial court did not err in denying the motion for partial directed verdict and did not abuse its discretion in denying the motion for new trial.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.