603 So.2d 15 (1992)
George M. EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1729.
District Court of Appeal of Florida, Fifth District.
July 10, 1992.
*16 Philip Carlton, Law Offices of Philip Carlton, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
George Evans appeals the order of the trial court adjudicating him guilty of direct criminal contempt. We reverse and remand for entry of a judgment of not guilty.
This matter arose out of a lawsuit instituted by Ted Williams (the former baseball player) against Vincent Antonucci.[1] Appellant is an attorney representing Antonucci in the lawsuit. On May 15, 1991 the trial judge conducted a case management conference at which all parties were present with their attorneys. During the conference the trial judge offered to attempt to mediate the case, provided that all of the parties and their attorneys agreed that they would not use the trial judge's attempt to mediate the case as a basis for disqualification.[2] The parties agreed and the judge attempted to mediate the case; however, no settlement was reached.
On May 31, 1991 appellant filed on behalf of Antonucci a motion to disqualify the trial judge pursuant to rule 1.432 of the Florida Rules of Civil Procedure. The motion to disqualify was based upon statements that the trial judge made to Antonucci during the mediation process.
Upon receipt of this motion the trial judge cited appellant for direct criminal contempt. After a hearing on the contempt citation, the trial judge adjudicated appellant guilty of direct criminal contempt, finding that appellant had lied when, in agreeing to permit the judge to mediate the case, he assured the judge that said procedure would not be later used as grounds to seek recusal.
The unrefuted and unimpeached testimony of both appellant and Antonucci at the contempt hearing was that appellant filed the motion for recusal upon Antonucci's insistence, based upon comments made by the trial judge to Antonucci during the mediation conference. Antonucci testified that he was enraged by the trial judge's statement, that "there'll always be people like [you] around, but let's face it, there's only one Ted Williams."[3] Both Antonucci and appellant testified that Antonucci felt that the trial judge considered Ted Williams to be superior to Antonucci and that the trial judge was prejudiced against Antonucci. Appellant further testified that Antonucci insisted that he file the motion for recusal and that before doing so he researched this matter and spoke to other *17 attorneys before concluding that there was a legal basis for the motion based on Antonucci's genuine fear that the trial judge was prejudiced against him.
We conclude that this uncontroverted and unimpeached testimony regarding the reason for filing the motion to disqualify must be accepted.[4] Consequently, we find that the evidence does not support the trial judge's finding that appellant lied when he agreed not to move to disqualify the trial judge for acting as a mediator. The motion for disqualification was based upon the comments made by the trial judge to Antonucci during the mediation conference. Antonucci had a subjective fear that the trial judge placed Ted Williams on a higher level and that this would prejudice his case. Antonucci's fear was real to him and appellant had a duty to advocate his client's position consistent with any agreements that were made concerning mediation. The agreement not to seek recusal was limited to the trial judge acting as a mediator and not to the nature of any comments that the trial judge would make during the mediation proceedings. To construe the agreement as encompassing any and all comments that the trial judge could conceivably make as a mediator would not be reasonable, and such a construction is not supported by the record. It is highly doubtful that all the parties and their attorneys would enter into such an agreement.
The trial judge, the parties, and the attorneys in good faith agreed to mediate the underlying civil dispute with the explicit understanding that this would not result in the trial judge being recused. However, regardless of the good faith of all concerned, this case more than points out the basic fallacy in such an agreement  that a judge can act as both mediator and judge. The function of a mediator and a judge are conceptually different. The function of a mediator is to encourage settlement of a dispute and a mediator uses various techniques in an attempt to achieve this result. A mediator may separate the parties and conduct ex parte proceedings in which the mediator may either subtly or candidly point out weaknesses in a particular party's factual or legal position. A mediator, through training and experience, approaches different parties in different ways. Because a mediator will not be deciding the case, both the mediator and the parties are free to discuss without fear of any consequence the ramifications of settling a particular dispute as opposed to litigating it. This is one of the reasons that a mediator must generally preserve and maintain the confidentiality of all mediation proceedings. See Proposed Standards of Professional Conduct for Certified and Court-Appointed Mediators, 604 So.2d 764, 768 (Fla. 1992); § 44.102(3), Fla. Stat. (1991).
In contrast, the judge's role is to decide the controversy fairly and impartially, consistent with established rules of law. In this regard, to paraphrase Socrates: Four things belong to a judge; to hear courteously; to consider soberly; to decide impartially; and to answer wisely.
As a caveat, we suggest that mediation should be left to the mediators and judging to the judges. If a judge decides to mediate a case with the consent of all concerned *18 parties, the judge should act only as a settlement judge for another judge who will hear and try the matter in the event mediation fails, such as in the situation where a retired judge mediates a case but does not try the case. If this had been done in the instant matter, an unnecessary, unproductive and unrewarding confrontation between a member of the bar and a member of the bench would have been avoided.
We reverse appellant's conviction of direct criminal contempt and remand this cause to the trial court with directions that the judgment of guilt be vacated and a judgment of not guilty be entered.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The lawsuit involves several other parties.
[2] The other parties and their attorneys testified to such an agreement. Appellant and Antonucci did not deny that there was such an agreement.
[3] Other comments which Antonucci considered improper include the judge's advice to Antonucci to "get real" when Antonucci provided him with a settlement figure, and comments regarding the costs of protracted litigation and likelihood of prevailing on his claim for relief.
[4] Where testimony on a pivotal issue of fact is neither contradicted nor impeached in any respect and no conflicting evidence is introduced, this testimonial evidence cannot be wholly disregarded or arbitrarily rejected; rather, the testimony must be accepted as proof of the issue for which it is tendered even though given by an interested party so long as it consists of fact as distinguished from opinion and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge or contradictory within itself. Duncanson v. Service First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963), as quoted in Merrill Stevens Dry Dock Company v. G & J Investments Corporation, Incorporated, 506 So.2d 30, 32 (Fla. 3d DCA 1987) rev. denied, 515 So.2d 229 (Fla. 1987) and Roach v. CSX Transportation, Incorporated, 598 So.2d 246 (Fla. 1st DCA 1992). If a witness's testimony is impeached with inconsistencies on material issues, as opposed to collateral matters, and thereby the witness's veracity and credibility are placed in question, the trier of fact is entitled to judge the witness's credibility in its entirety and accept or reject the witness's testimony on those and other issues as well. Roach, at 249. Neither Antonucci's nor appellant's testimony was impeached with inconsistencies on material issues.