STEVENSON, Judge.
This is an appeal from a non-final order granting the plaintiffs motion for summary judgment as to liability. Because we find that the facts, although largely undisputed, do not compel a judgment for the plaintiff as a matter of law, we reverse.
Appellant, Lodestar Tower North Palm Beach, Inc. (Lodestar), owns a communications transmission tower in Lake Park. Pursuant to the terms of a license agreement between Lodestar and appellee, Palm Beach Television Broadcasting, Inc. (PBTB), PBTB erected an antenna at a certain height on the tower. Except for the designation of the height, the license agreement is silent with respect to the antenna’s precise location on the tower but mentions PBTB’s right to use a “specified part or portion” of the tower. This dispute arose when Lodestar moved PBTB’s antenna from the south leg of the tower to the east leg of the tower over PBTB’s objection. Prior to relocation, the antenna had been in the same place on the tower for over two years.
PBTB filed a complaint alleging breach of contract, trespass to chattel and intentional interference with an advantageous business relationship. The viability of all of the stated causes of action depends upon whether or not Lodestar had the authority to relocate the antenna. In granting summary judgment, the trial court cited Florida Power Corp. v. Hicks, 156 So.2d 408 (Fla. 2d DCA 1963), *370 cert. denied, 165 So.2d 177 (Fla.1964), a ease which re-affirmed the general rule that the location of an easement, once selected, cannot be changed by either the land owner or the easement owner without the other’s consent. In that case, the easement was not described with sufficient particularity in the grant and the court held that the use of the easement by the parties in a consistent fashion over time supplied the necessary legal description in terms of the extent of the easement. Id. at 411.
We see a substantial difference between the location of an easement and the designation of the location of a licensed activity. Easements and licenses are fundamentally different in the law. An easement constitutes an interest in land, is subject to the statute of frauds, and is often permanent. Dotson v. Wolfe, 391 So.2d 757, 759 (Fla. 5th DCA 1980). Conversely, a license confers no interest in the land but merely gives one the authority to do a particular act on another’s land. It also may be created orally and is generally revocable. See Devlin v. The Phoenix, Inc., 471 So.2d 93, 95 (Fla. 5th DCA), rev. denied, 480 So.2d 1295 (Fla.1985); Satin v. Hialeah Race Course, Inc., 65 So.2d 475, 476 (Fla.1953).
Thus, it was error for the trial court to rely on Florida Power Corp. v. Hicks for the proposition that, as a matter of law, the location of a licensed activity, once designated, cannot be unilaterally changed. Whether or not the location of a licensed activity can be changed, and which party can change it, must depend upon the intent of the parties to the licensing agreement. While an equitable estoppel argument may exist, that too, is a matter for the finder-of-fact to determine. See Dance v. Tatum, 629 So.2d 127, 128-129 (Fla.1993) (irrevocable license may be created by equitable estoppel).
Accordingly, we conclude that because the written agreement does not definitively answer the question of whether or not Lodestar could unilaterally designate and/or relocate the position of PBTB’s antenna, a question of fact is presented for the fact-finder, be it a judge or jury. Therefore, the summary judgment is reversed and the cause remanded for further proceedings.
GLICKSTEIN and FARMER, JJ., concur.