710 So.2d 711 (1998)
Vada SHINER, Appellant,
v.
Henrietta BAITA, Appellee.
No. 97-3210.
District Court of Appeal of Florida, First District.
May 12, 1998.
Charles M. Wynn, Marianna, for Appellant.
John A. Ratzlaff, Marianna, for Appellee.
KAHN, Judge.
Appellant Vada Shiner was the plaintiff below. By her civil action, appellant sought to terminate a right in real property reserved by appellee, Henrietta Baita, in a deed given by Baita to Shiner's predecessor in interest. We reverse because the order on appeal is contrary to the unambiguous intent of the parties as expressed in the reservation.
Baita, the original grantor of the property, placed a reservation in the deed to Shiner's predecessor. The reservation provided as follows:
Grantors reserve to themselves, their heirs and assigns the right to a hook-up to septic tank located on the land herein conveyed, said septic tank being located to the Southeast of the acre being retained by the Grantors herein with the understanding that responsibility of maintaining said septic tank shall remain with the Grantors, their heirs and assigns, and for purposes of maintenance the Grantors, their heirs and assigns, shall have the right to ingress and egress to maintain said septic tank. It is understood this reservation of use of the septic tank is to continue indefinitely but that should Grantee, his successors or assigns *712 determine later that connection to septic tank interferes with use of property herein conveyed, Grantee, his successors or assigns shall have the right to pay expenses necessary to construct a septic tank on the premises which are herein reserved by the Grantors, and then in that event, this right of hook-up to septic tank shall cease and be of no further force and effect.
After acquiring the property, Shiner elected to exercise what she perceived to be her right to construct a septic tank on the property still held by Baita. Under Shiner's view, such an action would have operated to end the reserved right for Baita's septic tank hookup. Baita saw the matter differently, and ultimately Shiner brought an action to enforce her right under the reservation.
After hearing, the circuit court found the "restrictive covenant" upon which Shiner sought relief "ambiguous." The court reasoned that irrespective of whether the septic tank interfered with Shiner's use of the property, its relocation "would effectively deprive [Baita] of the use of her property." The circuit court then held essentially that Shiner could take no action with regard to the septic tank that would "deprive [Baita] of the use and enjoyment of [her] property." The record facts concerning Baita's ability to use the property suggest that if the septic tank is moved onto Baita's property, where she now maintains her residence, there would be no room to develop a mobile home park, which Baita apparently wishes to do.
First, we find that the reservation is not a restrictive covenant. Instead, the deed to Shiner's predecessor created an easement. "An easement of way is essentially an inherently legal interest in land, as distinguished from a restriction resulting from a restrictive covenant, which is but a creature of equity arising out of contract." Homer v. Dadeland Shopping Ctr., Inc., 229 So.2d 834, 836 (Fla.1969). "[A]n easement implies an interest in the land, which is ordinarily created by a grant in a deed, and is often permanent." Dotson v. Wolfe, 391 So.2d 757, 759 (Fla. 5th DCA 1980). Nevertheless, an easement does not have to be permanent, but may end upon the happening of a condition. Id. at 759.
The question, then, is whether the circuit court erred by refusing to allow appellant to terminate the easement reserved by appellee. "[T]he intent of the parties in a grant of easement is determined by a fair interpretation of the language." Walters v. McCall, 450 So.2d 1139, 1142 (Fla. 1st DCA 1984). A court should construe such language to effectuate the intention of the parties. Id. "When the provisions of a grant of easement are unambiguous, such provisions will be given their plain meaning." Richardson v. Deerwood Club, Inc., 589 So.2d 937, 939 (Fla. 1st DCA 1991). More specifically, "[w]hen the language of a deed is clear and certain in meaning, and the grantor's intent is reflected by the language employed, there is no room for judicial construction of the language nor interpretation of the words usedif there is no ambiguity in the wording then the intention of the grantor must be ascertained therefrom." Walters, 450 So.2d at 1142.
Contrary to the trial court's finding of ambiguity, the language in the deed clearly indicates that if the grantee, Shiner, determines that the septic tank interferes with her use of the property, she "shall have the right to pay expenses necessary to construct a septic tank on the premises" reserved by the grantor, Baita. The deed further provides that upon exercise of the right, "this right of hook-up to septic tank shall cease and be of no further force and effect." Because the language is clear and unambiguous, the court erred in determining otherwise. See, e.g., Richardson, 589 So.2d at 939; Walters, 450 So.2d at 1142.
We agree with appellant's assertion that the language of the reservation utilized by Baita in the original grant does not address any effect the prospective relocation of the septic tank system might have on Baita's property. Accordingly, the court erred by taking into consideration whether relocation of the septic tank would effectively deprive Baita of the use of her property. "[T]he easement holder cannot expand the easement beyond what was contemplated at the time it was granted." Walters, 450 So.2d at 1142. *713 See also Fields v. Nichols, 482 So.2d 410, 414 (Fla. 5th DCA 1985) ("[E]asements, once granted and fixed, are not subject to the whims of either the dominant or servient owners of land, and can only be changed by mutual consent of the parties.")
We hold that appellant is entitled to enforce the unambiguous provisions of the grant that established the easement. Accordingly, the final judgment denying her that right is REVERSED.
MINER and ALLEN, JJ., concur.