Mr. Daniel J. Bosanko St. Johns Assistant County Attorney Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Bosanko:
On behalf of the St. Johns Board of County Commissioners, you ask the following question:
Does section 177.081(2), Florida Statutes (1998 Supplement), require that persons, corporations, or entities having recorded easement interests in lands that are being subdivided execute a plat dedication for such land before it is platted?
In sum:
Section 177.081(2), Florida Statutes (1998 Supplement), requires that persons, corporations, or entities having recorded easement interests in lands that are being subdivided execute a plat dedication for such land before it is platted.
Prior to its amendment in 1998, section 177.081(1), Florida Statutes (1997), provided:
"Every plat of a subdivision filed for record must contain a dedication by the developer. The dedication shall be executed byall developers having a record interest in the lands subdivided,in the same manner in which deeds are required to be executed. All mortgagees having a record interest in the lands subdivided shall execute, in the same manner in which deeds are required to be executed, either the dedication contained on the plat or a separate instrument joining in and ratifying the plat and all dedications and reservations thereon." (e.s.)
The term "Developer" was defined to mean "the person or legal entity that applies for approval of a plat of a subdivision pursuant to this chapter."[1]
In 1998, however, a new subsection (1) was added to section177.081, Florida Statutes, to require that the plat be reviewed for conformity to Chapter 177, Florida Statutes, by a professional surveyor and mapper either employed by or under contract to the local governing body.[2] Former section 177.081(1), Florida Statutes 1997, was amended and renumbered as subsection (2). As amended, it now provides:
"(2) Every plat of a subdivision filed for record must contain a dedication by the owner or owners of record. The dedication mustbe executed by all persons, corporations, or entities having arecord interest in the lands subdivided, in the same manner inwhich deeds are required to be executed. All mortgagees having a record interest in the lands subdivided shall execute, in the same manner in which deeds are required to be executed, either the dedication contained on the plat or a separate instrument joining in and ratifying the plat and all dedications and reservations thereon."[3] (e.s.)
While the second sentence of the subsection formerly required that the dedication be recorded by developers applying for approval of a plat or subdivision and having a record interest in the lands subdivided, it now requires all persons, corporations, or entities that have a record interest in the lands to record the dedication.
An examination of the staff analysis regarding the amendment of section 177.081, Florida Statutes, in 1998 failed to reveal any evidence of legislative intent on this issue.[4] In construing a statute, however, it is a fundamental rule that words in a statute are to be construed in plain and ordinary meaning.[5]
As amended, section 177.081(2), Florida Statutes (1998 Supplement), now requires that the dedication be executed by all persons, corporations, or entities having a record interest in the property. An interest in land has been held by the courts of this state to include easements.[6]
This office must give effect to the plain language of the statute, which requires that all record interest holders in the property must execute the dedication. Moreover, an examination of the 1998 legislation as a whole indicates an intent to strengthen the standards for land surveying and platting.[7]
Accordingly, until this matter is clarified by the Legislature, I am of the opinion that section 177.081(2), Florida Statutes (1998 Supplement), requires that persons, corporations, or entities having recorded easement interests in lands that are being subdivided execute a plat dedication for such land before it is platted.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 177.031(6), Fla. Stat. (1997).
[2] See, s. 7, Ch. 98-20, Laws of Florida.
[3] Cf., s. 2, Ch. 98-20, supra, amending the definition of "Developer" in s. 177.031(6), Fla. Stat., to mean "the owners of record executing the dedication required by s. 177.081 and applying for approval of a plat of a subdivision pursuant to this part."
[4] See, Final Bill Research Economic Impact Statement on CS/HB 3223, Florida House of Representatives, dated May 27, 1998.And see, Title to Ch. 98-20, Laws of Florida, which in providing for the amendment to s. 177.081, Fla. Stat., states: "An act relating to land platting; . . . amending s. 177.081, F.S.; requiring plats to be reviewed by a professional surveyor and mapper before approval by a governing body;. . . ." This office, however, has been advised that the language in question was suggested by a committee of the Board of Professional Surveyors and Mappers which discussed the language and concluded that easements should be included in the execution requirement.
[5] See, e.g., State v. Tunnicliffe, 124 So. 279, 281 (Fla. 1929); Gasson v. Gay, 49 So.2d 525, 526 (Fla. 1950); State v.Egan, 287 So.2d 1, 4 (Fla. 1973).
[6] See, e.g., Homer v. Dadeland Shopping Center, Inc.,229 So.2d 834, 836 (Fla. 1969) ("An easement of way is essentially an inherently legal interest in land, as distinguished from a restriction resulting from a restrictive covenant, which is but a creature of equity arising out of contract"); Lodestar Tower NorthPalm Beach, Inc. v. Palm Beach Television Broadcasting, Inc.,665 So.2d 368, 370 (Fla. 4th DCA 1996); Dotson v. Wolfe,391 So.2d 757, 759 (Fla. 5th DCA 1980) (an easement implies an interest in the land, which is ordinarily created by a grant in a deed, and is often permanent).
[7] Chapter 98-20, Laws of Florida, requires the platting of lands by "professional surveyors and mappers" and sets minimum standards for platting throughout the state.