563 So.2d 85 (1990)
In re AMENDMENT TO FLORIDA RULES OF CIVIL PROCEDURE 1.700-1.780 (MEDIATION).
No. 75151.
Supreme Court of Florida.
June 21, 1990.
PER CURIAM.
By administrative order of July 26, 1989, this Court appointed a special committee on mediation and arbitration rules as a standing committee of the Supreme Court. With that appointment, this Court further directed the committee to develop a report recommending changes in procedural rules governing mediation and arbitration, recommending standards of conduct governing mediators and arbitrators, and suggesting needed legislation to enhance alternative dispute resolution programs in Florida. The committee has filed its report on proposed rules changes with this Court. We published these proposed changes, received comments thereon, heard oral arguments, and solicited and received additional comments from the committee.[1]
The committee has worked diligently, tirelessly, and objectively in its efforts to fashion appropriate rules. The use of mediation and arbitration in conjunction with traditional legal procedures is currently a developing concept. As experience and use develop, additional rule changes will be likely.[2] We placed a heavy responsibility *86 on our committee, which, after argument, agreed to some suggested changes to its proposals. For the most part, we accept its final views.
Attached hereto, as an appendix, are the rules as amended and now approved by the Court. They shall become effective July 1, 1990.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

APPENDIX

 RULE 1.700 RULES COMMON TO MEDIATION
 OR ARBITRATION
 (a) Referral by Presiding Judge or by Stipulation. Except as
hereinafter provided, the presiding judge may order refer any
contested civil matter or selected issues referred for
assignment to mediation or arbitration. The parties to any
contested civil matter may file a written stipulation to mediate
or arbitrate any issue between them at any time. Such stipulation
shall be incorporated into the order of referral.
 (1) Conference or Hearing Date. Unless otherwise
 ordered by the court, Tthe first mediation
 conference or arbitration hearing shall be held
 within 60 days of the order of referral, unless
 sooner ordered by the court.
 (2) Notice. Within 10 days after the order of
 referral case has been referred for either
 mediation or arbitration, the court or its
 designee, who may be the mediator or arbitrator,
 shall notify the parties and either the mediator or
 arbitrator in writing of the date, time, and place
 of the conference or hearing unless the order of
 referral specifies the date, time, and place.
 (b) Motion to Dispense with Mediation and Arbitration. A
party may move, within 15 days after service of the order of
referral, to dispense with mediation and with or
arbitration, respectively, if:
 (1) The issue to be considered has been
 previously mediated or arbitrated between the same
 parties pursuant to Florida law;
 (2) The issue presents a question of law only;
 (3) The order violates rule 1.710(b); or
 (4) Other good cause is shown.
 (c) Motion to Waiver or Deferral of Mediation or
Arbitration. Within 15 days of the court order of referral,
assigning the case to mediation or arbitration, any party may
file a motion with the court to defer or forego the
proceeding process. The movant and shall set such the
motion to defer for hearing prior to the date that mediation
or arbitration has been ordered scheduled date for mediation or
arbitration. with nNotice of the hearing shall be provided
to all interested parties, including any mediator or arbitrator
that who has been appointed. Such The motion shall set
forth, in detail, the facts and circumstances supporting the
motion. Mediation or arbitration shall be tolled until
disposition of the motion.
 (d) Calculation of Times. All times here under shall be
calculated in accordance with Rule 1.090(a) Fla.R.Civ.P.
 (d) (e) Disqualification of a Mediator or Arbitrator. Any
party may move the court to enter an order disqualifying
disqualify a mediator or an arbitrator for good cause. using
the procedures of Fla.R.Civ.P. 1.432. Mediators and arbitrators
have a duty to disclose any fact bearing on their qualifications,
including any fact which would be ground for disqualification of
a judge. If the court rules that a mediator or arbitrator is
disqualified from hearing a case, an order shall be entered
setting forth the name of a qualified replacement. Nothing in
this provision shall preclude limit the discretion of a
mediators or arbitrators to from disqualifying themselves
or refuseing any assignment. A mediator or arbitrator may
elect voluntary disqualification, which is final upon service
upon the parties and the court. The time for mediation or
arbitration shall be tolled during any periods in which
mediation or arbitration is deferred pending determination of a
disqualification a motion to to disqualify is pending.
*87 RULE 1.710 MEDIATION RULES
 (a) Completion of Mediation. Mediation shall be completed
within 30 45 days of the first mediation conference unless
extended by order of the court or by stipulation of the
parties. on motion of the mediator or of a party. No extension
of time shall be for a period exceeding 60 days from the first
mediation conference. The mediator's report shall be filed
immediately with the court upon its becoming binding on the
parties pursuant to Rule 1.730(b).
 (b) Exclusions from Mediation. The following categories of
claims actions shall not be referred to mediation except upon
petition of all parties.:
 (1) Appeals from rulings of administrative
 agencies;
 (2) Bond estreatures;
 (3) Forfeitures of seized property;
 (4) Habeas corpus and extraordinary writs;
 (5) Bond validations;
 (6) Declaratory relief; or
 (7) Any litigation expedited by statute or rule,
 except issues of parental responsibility
 (7) (8) Such oOther matters as may be
 specified by administrative order of the chief
 judge in the circuit.
 (c) Discovery. Discovery pursuant to Rrule 1.280
Fla.R.Civ.P. may continue throughout mediation. Such discovery
may be delayed or deferred upon agreement of the parties. All
discovery shall be held in abeyance, and the times tolled, upon
submission of a written settlement agreement to the court.
RULE 1.720 MEDIATION PROCEDURES
 (a) Interim or Emergency Relief. A Either party may apply
to the court for interim or emergency relief at any time.
Mediation shall continue while such a motion is pending absent
a contrary order of the court or a decision of the mediator to
adjourn pending disposition of the motion. Time for completing
mediation shall be tolled during any periods where mediation is
interrupted pending resolution of such a motionss.
 (b) Sanctions for Failure to Appear. The court, upon written
notice from the mediator that any party has failed to appear
after receiving written notice and without good cause, may apply
appropriate sanctions as provided by the Florida Rules of Civil
Procedure, including taxing of the fees and costs of the
mediator. If a party fails to appear at a duly noticed
mediation conference without good cause, the court upon motion
shall impose sanctions, including an award of mediator and
attorney fees and other costs, against the party failing to
appear. If a party to mediation is a public entity required to
conduct its business pursuant to chapter 286, Florida Statutes,
that party shall be deemed to appear at a mediation conference by
the physical presence of a representative with full authority to
negotiate on behalf of the entity and to recommend settlement to
the appropriate decision-making body of the entity. Otherwise,
unless stipulated by the parties, a party is deemed to appear at
a mediation conference if the following persons are physically
present:
 (1) The party or its representative having full
 authority to settle without further consultation;
 and
 (2) The party's counsel of record, if any; and
 (3) A representative of the insurance carrier for
 any insured party who is not such carrier's outside
 counsel and who has full authority to settle without
 further consultation.
 (c) Adjournments. The mediator may adjourn the mediation
conference at any time and may set times for reconvening the
adjourned conference notwithstanding rule 1.710(a). No further
notification is required for parties present at the adjourned
conference. The mediator may suspend or terminate mediation
whenever, in the opinion of the mediator, the matter is not
appropriate for further mediation.
 (d) Counsel. The mediator shall at all times be in control of
the mediation and the procedures to be followed in the mediation.
Counsel for each party may attend the
*88 mediation conference and shall at all times be permitted to
privately communicate privately with their clients. Presence
of counsel is not required and in the discretion of the mediator,
mediation may proceed in the absence of counsel. In the
discretion of the mediator and with the agreement of the parties,
mediation may proceed in the absence of counsel unless otherwise
ordered by the court.
 (e) Communication with Parties. The mediator may meet and
consult privately with any party or parties or their counsel.
With consent of the parties, the mediator may speak with
designated third parties about substantive issues involved in the
mediation. Mediators are not restricted in their communication
with third parties concerning procedural or administrative
matters.
 (f) Appointment of the Mediator.
 (1) Within 10 days of the order of referral, the
 parties may agree upon a stipulation with the court
 designating:
 (a) A certified mediator; or
 (b) A mediator who does not meet the
 certification requirements of these rules but who,
 in the opinion of the parties and upon review by
 the presiding judge, is otherwise qualified by
 training or experience to mediate all or some of
 the issues in the particular case.
 (2) If the parties cannot agree upon a mediator
 within 10 days of the order of referral, the
 plaintiff or petitioner shall so notify the court
 within 10 days of the expiration of the period to
 agree on a mediator, and the court shall appoint a
 certified mediator selected by rotation or by such
 other procedures as may be adopted by administrative
 order of the chief judge in the circuit in which the
 action is pending.
 (g) (f) Appointment and Compensation of the Mediator. The
presiding judge may appoint any person as a mediator who meets
the qualifications set forth in these rules. The presiding judge
may also, in appropriate cases, appoint specialists or experts
who are not court-appointed mediators to assist court-appointed
mediators, The mediator may be compensated or an
uncompensated. volunteer, a government employee or may be
compensated according to the written agreement of the parties.
When the mediator is compensated in whole or part by the
parties, the presiding judge may determine the reasonableness of
the fees charged by the mediator. In the absence of a such
written agreements providing for the mediator's compensation,
or of any objections served on the mediator and other parties by
any party within 15 days of the order referring the matter to
mediation, the mediator shall be compensated at the hourly rate
set by the presiding judge in the referral order. Where
appropriate, each party shall pay a proportionate share of the
total charges of the mediator. Parties may object to the rate of
the mediator's compensation within 15 days of the order of
referral by serving an objection on all other parties and the
mediator.
RULE 1.730 COMPLETION OF MEDIATION
 (a) Report of No Agreement. In cases where If the parties
do not reach any agreement as to any matter as a result of
mediation, the mediator shall immediately report such the
lack of an agreement to the court without any comment or
recommendation. With the consent of the parties, the mediator's
report may also identify any pending motions or outstanding legal
issues, discovery process, or other action by any party which, if
resolved or completed, would facilitate the possibility of a
settlement.
 (b) Report on Agreement. In cases where If an agreement
or partial agreement is reached, as to any matter or issue,
including legal or factual issues to be determined by the court,
such it agreement shall be reduced to writing, and
signed by the parties and their counsel, if any,. and be
immediately thereafter submitted to the court. If counsel neither
signs nor objects, in writing, to the agreement within 10 days of
service on counsel, then the agreement is conclusively presumed
to be approved by counsel and shall then be immediately submitted
to the court. Once the agreement
*89 becomes binding upon the parties by their execution and that of
their counsel, it may only be set aside by the court pursuant to
these rules. The agreement shall set forth all relevant
statements of fact and statements of future courses of conduct as
agreed upon by the parties. The agreement shall be filed when
required by law or with the parties' consent. If the agreement is
not filed, a joint notice of dismissal shall be filed. By
stipulation of the parties, the agreement may be electronically
or stenographically recorded. In such event, the transcript may
be filed with the court.
 (c) Court's Action. Within 10 days after receiving the
agreement, the court shall determine whether the terms are
lawful, within the jurisdiction of the court, and, where court
approval is required by law, in the best interests of all parties
concerned, including minor children where appropriate. If the
court has not filed a written objection within 10 days after
receiving the report, the agreement shall become binding on the
parties. If the judge rejects or fails to adopt any part of the
agreement, either party may, within 10 days of receipt of the
order, give notice to all parties declaring the agreement void.
 Committee Notes
 After making the determination called for in this
 rule, the court may consider it appropriate to take
 any of the following courses of action: approving or
 rejecting the agreement in whole or in part; holding
 an evidentiary hearing to determine the appropriate
 course of action; requiring the parties to return to
 mediation to settle any unresolved issues; modifying
 either the sanctions or remedies contained in the
 agreement; requiring the parties to submit any
 unresolved issues to arbitration under Rule 1.800, or
 setting the case for trial.
 (c) (d) Imposition of Sanctions. In the event of any breach
or failure to perform under the stipulated agreement, as
approved by the judge pursuant to subdivision (c) of this rule,
the sanctions agreed upon or such other remedy as the court may
deem appropriate, shall be imposed by order of the court. the
court upon motion may impose sanctions, including costs, attorney
fees, or other appropriate remedies including entry of judgment
on the agreement.
RULE 1.740 FAMILY LAW MEDIATION
 Every effort should be made to expedite mediation of
 parental responsibility issues. In cases in which
 there are complex or substantial tax, financial or
 property issues, the court shall refer such issues to
 a lawyer or Certified Public Accountant mediator. The
 court may refer parental responsibility issues to a
 non-lawyer mediator in such cases.
 (a) Applicability. This rule applies to the mediation of
family matters and issues only and controls over conflicting
provisions in rules 1.710, 1.720, and 1.730. For purposes of this
rule, "family matters and issues" means issues in marriage
dissolution and post-dissolution proceedings and in domestic
proceedings between unmarried parents, unless excepted from
mediation by statute or court rule.
 (b) Referral. Except as provided by law and this rule, all
contested family matters and issues may be referred to mediation.
Every effort should be made to expedite mediation of family
issues.
 (c) Limitation on Referral to Mediation. Unless otherwise
agreed by the parties, family matters and issues may be referred
to a mediator or mediation program which charges a fee only after
the court has determined that the parties have the financial
ability to pay a fee. This determination may be based upon the
parties' financial affidavits or other financial information
available to the court. When appropriate, the court shall
apportion mediation fees between the parties and shall state each
party's share in the order of referral.
 (d) Appearances. Unless otherwise stipulated by the parties, a
party is deemed to appear at a family mediation convened pursuant
to this rule if the named party is physically present at the
mediation conference. In the discretion of the mediator and
*90 with the agreement of the parties, family mediation may proceed
in the absence of counsel unless otherwise ordered by the court.
 (e) Completion of Mediation. Mediation shall be completed
within 75 days of the first mediation conference unless extended
by order of the court.
 (f) Report on Agreement.
 (1) If agreement is reached as to any matter or
 issue, including legal or factual issues to be
 determined by the court, the agreement shall be
 reduced to writing, signed by the parties and their
 counsel, if any and if present, and submitted to the
 court. If counsel for any party is not present when
 the agreement is reached and does not sign the
 agreement or object in writing to the agreement
 within 10 days after receipt, the agreement is
 presumed to be approved by counsel and shall be filed
 with the court by the mediator. An objection shall be
 served on the mediator, the parties, and counsel.
 (2) After the agreement is filed, the court shall
 take action as required by law. When court approval
 is not necessary, the agreement shall become binding
 upon filing. When court approval is necessary, the
 agreement shall become binding upon approval. In
 either event, the agreement shall be made part of the
 final judgment or order in the case.
RULE 1.750 SMALL CLAIMS MATTERS
 (a) Applicability. This rule applies to the mediation of small
claims matters and issues only and controls over conflicting
provisions in rules 1.710, 1.720, and 1.730.
 (a) (b) Scheduling. The mediator shall be appointed and the
mediation conference held during or immediately after the
pretrial conference unless otherwise ordered by the court. In no
event shall the mediation conference be held more than 14 days
after the pretrial conference.
 (b) (c) Settlement Authority. If a party gives counsel or
another representative authority to settle the matter, the party
need not appear in person. Counsel or the other representative
may speak for the party in the mediation conference
notwithstanding the limitations on counsel's participation
contained in Rule 1.720(d).
 (c) (d) Agreement. Any agreements reached as a result of
small claims mediation shall be written in the form of a
stipulation. After court review pursuant to Rule 1.730(c), the
stipulation shall be entered as an order of the court.
RULE 1.760 MEDIATOR QUALIFICATIONS
 (a) County Court Mediators. For certification by the Supreme
Court, a mediator of county court matters must:
 (1) have Completed a minimum of a 20 hours
 in a training program certified by the Supreme
 Court; and
 (2) have Observed a minimum of four county
 court mediation conferences conducted by a court
 certified mediator; and (4) have conducted
 four county court a mediation conferences under
 the supervision and observation of a court
 certified mediator; and
 (3) (5) have co-mediated a minimum of three
 mediation conferences with a court certified
 mediator; and
 (3) (5) have been certified by the Chief Judge
 of the Circuit pursuant to Section 44.302(3), Florida
 Statutes (1987) Be of good moral character; or
 (4) (6) Be certified as a circuit court or
 family mediator.
 (b) Family Mediators. For certification by the Supreme Court,
a mediator of family and dissolution of marriage issues must:
 (1) (3) have Completed a minimum of 40 hours
 in a family mediation training program course
 certified by the Supreme Court; or have received a
 Masters Degree in family mediation from an accredited
 college or university; and
 (2) (1) Have a masters degree or doctorate in
 social work, mental health, behavioral or social
 sciences; or be a physician certified to practice
 adult or child psychiatry; or be an attorney or a
 certified public accountant licensed to practice in
 any United States jurisdiction; and (2) have at
 least four years practical
*91 experience in one of the above aforementioned fields;
 and or have eight years family mediation experience
 with a minimum of ten mediations per year;
 (3) Observe two family mediations conducted by a
 certified family mediator and conduct two family
 mediations under the supervision and observation of a
 certified family mediator; and
 (4) have been certified by the Chief Judge of the
 Circuit pursuant to Section 44.302(3). Be of good
 moral character.
 (c) Circuit Court Mediators. For certification by the Supreme
Court, a the mediator of circuit court matters, other than
family matters, must:
 (1) (2) Complete a minimum of a 40 hours in
 a circuit court mediation training program certified
 by the Supreme Court;
 (2) (1) be a former judge of a trial court who
 was a member of the bar in the state in which the
 judge presided; or Be a member in good standing of
 the Florida Bar with at least five years of Florida
 practice; and and be an active member of the
 Florida Bar within one year of application for
 certification. This paragraph notwithstanding, the
 chief judge, upon written request setting forth
 reasonable and sufficient grounds, may certify as a
 circuit court mediator a retired judge who was a
 member of the bar in the state in which the judge
 presided. The judge must have been a member in good
 standing of the bar of another state for at least
 five years immediately preceding the year
 certification is sought and must meet the training
 requirements of subsection (1);
 (3) Observe two circuit court mediations conducted
 by a certified circuit mediator and conduct two
 circuit mediations under the supervision and
 observation of a certified circuit court mediator;
 and
 (4) Be of good moral character.
 (d) Special Conditions. Prior to January 1, 1989, the Chief
Judge of each Circuit may certify any mediator who is currently
mediating in an established program and who Mediators who have
been duly certified as circuit court or family mediators before
July 1, 1990, shall be deemed qualified as circuit court or
family mediators pursuant to these rules.
 (1) has been actively engaged in the practice of
 mediation for the proceeding year; and
 (2) completes the minimum training specified in
 these rules for the particular type of mediation.
 Mediators presently practicing pursuant to section
 (1) of this subsection may continue to do so for no
 more than 6 months past the date upon which the
 Supreme Court certifies a training program
 appropriate to their needs. Such mediators may
 continue to practice mediation after such period if
 they satisfactorily complete requirements of such
 training programs, including successful completion of
 a form of examination approved by the Supreme Court
 of Florida. Such mediators may continue to practice
 mediation in the field of prior practice.
 RULE 1.770 STANDARDS FOR MEDIATION
 TRAINING PROGRAMS
 (a) Circuit Court Mediators. Mediation training for mediators
of Circuit Court matters, other than family matters, should
consist of a minimum of 40 hours training in a program approved
by the Supreme Court. That training should address the
following:
 (1) mediation theory
 (2) mediation process and techniques
 (3) standards of conduct for mediators
 (4) conflict management and intervention skills
 (5) community resources and referral processes
 (6) successful completion of an examination at
 such time as a form of examination shall have been
 approved by the Supreme Court of Florida.
 (b) Family Mediators. Mediation training for mediators of
family matters should consist of a minimum of 40 hours of
training in a program approved by the Supreme Court. That
training should address those areas required in subsection (c) of
this rule and in addition the following:
*92 (1) psychological issues in separation, divorce
 and family dynamics
 (2) issues concerning the needs of children in the
 context of divorce
 (3) family law, including issues of custody, child
 support, and asset evaluation and distribution as it
 relates to divorce
 (4) family economics
 (5) successful completion of an examination at
 such time as a form of examination shall have been
 approved by the Supreme Court of Florida.
 (c) County Court Mediators. Mediation training for county
court mediators should consist of a minimum of 20 hours training
in a program approved by the Supreme Court. That training should
address the following:
 (1) written and oral communication
 (2) mediation theory
 (3) the mediation process and techniques
 (4) standards of conduct for mediators
 (5) conflict management and intervention skills
 (6) the court process
 (7) community resources and referral processes
 (8) successful completion of an examination at
 such time as a form of examination shall have been
 approved by the Supreme Court of Florida.
 (d) Suspension of Examination Requirement. The requirement of
successful completion of an examination is suspended until a form
of examination has been approved by the Supreme Court of Florida.
Upon approval of a form of examination, practicing mediators, who
have previously completed a course of training later approved by
the Supreme Court of Florida, will not be required to retake such
a course if they successfully complete the approved form of
examination.
RULE 1.780 DUTIES OF THE MEDIATOR
 (a) The mediator has a duty to define and describe the process
of mediation and its cost during an orientation session with the
parties before the mediation conference begins. The orientation
should include the following:
 (1) the differences between mediation and other
 forms of conflict resolution, including therapy and
 counseling;
 (2) the circumstances under which the mediator may
 meet alone with either of the parties or with any
 other person;
 (3) the confidentiality provision as provided by
 Florida law;
 (4) the duties and responsibilities of the
 mediator and of the parties;
 (5) the fact that any agreement reached will be
 reached by mutual consent of the parties;
 (6) the information necessary for defining the
 disputed issues.
 (b) The mediator has a duty to be impartial, and to advise all
parties of any circumstances bearing on possible bias, prejudice
or impartiality.

NOTES
[1] In its report, the committee stated:

The Committee's proposed rule changes reflect a blend of three philosophical approaches. First, the Committee sought to take maximum advantage of the one year of practical experience Florida has had in court-sanctioned ADR procedures. Based on this experience, the Committee is recommending rather substantial deletions from certain parts of the old rules which, although originally implemented with the best of intentions, have proven to serve no real purpose as procedural guidelines. Second, the Committee sought to enhance the overall consensual atmosphere of ADR in Florida by putting more control of the process in the hands of the parties involved. Hence, suggested modifications of the rules have been made to allow more direct involvement by the parties in initiating mediation, selection of mediators, timing of the mediation conference, and initiating enforcement procedures. Finally, the Committee was keenly aware of the colloquial axiom, "If it ain't broke, don't fix it." Every effort was thus made to preserve the functions that are working.
[2] We recognize that the qualifications for mediators should be placed somewhere other than these rules of civil procedure. Other rules regarding the standards of conduct of mediators will be forthcoming, at which time it is likely that rule 1.760 will be relocated.