PER CURIAM.
In 1989 we appointed the Florida Supreme Court Standing Committee on Mediation and Arbitration Rules and directed the committee to propose procedural rules and to recommend standards of professional conduct. We adopted procedural rules for mediation and arbitration in In re Amendments to Florida Rules of Civil Procedure, 563 So.2d 85 (Fla.1990). The committee submitted its report on standards of conduct and disciplinary rules for mediators in November 1991, and we requested written comments from interested persons. The Court has received several comments and suggested changes. After considering the committee’s proposal and those comments and suggestions, we adopt the rules set out following this opinion as the Florida Rules for Certified and Court-Appointed Mediators, rules 10.010 through 10.290. Florida Rule of Civil Procedure 1.760 is hereby repealed and readopted as rule 10.010, and Florida Rule of Civil Procedure 1.720(f) is amended by adding paragraph (3) on substitute mediators, to read as follows:
(3) If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without such agreement by the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
These changes will be effective immediately on the filing of this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS
PART I. MEDIATOR QUALIFICATIONS
RULE 10.010 GENERAL QUALIFICATIONS
(a) County Court Mediators. For certification a mediator of county court matters must:
(1) complete a minimum of 20 hours in a training program certified by the Supreme Court;
(2) observe a minimum of 4 county court mediation conferences conducted by a court-certified mediator and conduct 4 county court mediation conferences under the supervision and observation of a court-certified mediator; and
(3) be of good moral character; or
(4) be certified as a circuit court or family mediator.
(b) Family Mediators. For certification a mediator of family and dissolution of marriage issues must:
(1) complete a minimum of 40 hours in a family mediation training program certified by the Supreme Court;
(2) have a master’s degree or doctorate in social work, mental health, behavioral or social sciences; or be a physician *765 certified to practice adult or child psychiatry; or be an attorney or a certified public accountant licensed to practice in any United States jurisdiction; and have at least 4 years practical experience in one of the aforementioned fields; or have 8 years family mediation experience with a minimum of 10 mediations per year;
(3) observe 2 family mediations conducted by a certified family mediator and conduct 2 family mediations under the supervision and observation of a certified family mediator; and
(4) be of good moral character.
(c) Circuit Court Mediators. For certification a mediator of circuit court matters, other than family matters, must:
(1) complete a minimum of 40 hours in a circuit court mediation training program certified by the Supreme Court;
(2) be a member in good standing of the Florida Bar with at least 5 years of Florida practice and be an active member of the Florida Bar within one year of application for certification. This paragraph notwithstanding, the chief judge, upon written request setting forth reasonable and sufficient grounds, may certify as a circuit court mediator a retired judge who was a member of the bar in the state in which the judge presided. The judge must have been a member in good standing of the bar of another state for at least 5 years immediately preceding the year certification is sought and must meet the training requirements of (c)(1);
(3) observe 2 circuit court mediations conducted by a certified circuit mediator and conduct 2 circuit mediations under the supervision and observation of a certified circuit court mediator; and
(4) be of good moral character.
(d) Special Conditions. Mediators who have been duly certified as circuit court or family mediators before July 1, 1990, shall be deemed qualified as circuit court or family mediators pursuant to these rules.
PART II. STANDARDS OF PROFESSIONAL CONDUCT
RULE 10.020 PREAMBLE
(a) Scope; Purpose. These rules are intended to instill and promote public confidence in the mediation process and to be a guide to mediator conduct. As with other forms of dispute resolution, mediation must be built on public understanding and confidence. Persons serving as mediators are responsible to the parties, the public, and the courts to conduct themselves in a manner which will merit that confidence. These rules apply to all mediators who are certified or participate in court-sponsored mediation and are a guide to mediator conduct in discharging their professional responsibilities in the mediation of circuit civil and family and county court cases in the State of Florida.
(b) Mediation Defined. Mediation is a process whereby a neutral third party acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and nonadver-sarial process with the objective of helping the disputing parties reach a mutually acceptable agreement.
(c) Mediator's Role. In mediation, decision-making authority rests with the parties. The role of the mediator includes but is not limited to assisting the parties in identifying issues, reducing obstacles to communication, maximizing the exploration of alternatives, and helping the parties reach voluntary agreements.
(d) General Principles. Mediation is based on principles of communication, negotiation, facilitation, and problem solving that emphasize:
(1) the needs and interests of the participants;
(2) fairness;
(3) procedural flexibility;
(4) privacy and confidentiality;
(5) full disclosure; and
(6) self determination.
Statutory Reference
§ 44.1011, Fla.Stat.
*766 RULE 10.030 GENERAL STANDARDS AND QUALIFICATIONS
(a) General. Integrity, impartiality, and professional competence are essential qualifications of any mediator. Mediators shall adhere to the highest standards of integrity, impartiality, and professional competence in rendering their professional service.
(1) A mediator shall not accept any engagement, perform any service, or undertake any act which would compromise the mediator’s integrity.
(2) A mediator shall maintain professional competence in mediation skills including, but not limited to:
(A) staying informed of and abiding by all statutes, rules, and administrative orders relevant to the practice of court-ordered mediation;
(B) if certified, continuing to meet the requirements of these rules; and
(C) regularly engaging in educational activities promoting professional growth.
(3) A mediator shall decline appointment, withdraw, or request technical assistance when the mediator decides that a case is beyond the mediator’s competence.
(b) Concurrent Standards. Nothing herein shall replace, eliminate, or render inapplicable relevant ethical standards, not in conflict with these rules, which may be imposed upon any mediator by virtue of the mediator’s professional calling.
RULE 10.040 RESPONSIBILITIES TO COURTS
A mediator shall be candid, accurate, and fully responsive to a court concerning the mediator’s qualifications, availability, and all other pertinent matters. A mediator shall observe all administrative policies, local rules of court, applicable procedural rules, and statutes. A mediator is responsible to the judiciary for the propriety of the mediator’s activities and must observe judicial standards of fidelity and diligence. A mediator shall refrain from any activity which has the appearance of improperly influencing a court to secure placement on a roster or appointment to a case, including gifts or other inducements to court personnel.
RULE 10.050 THE MEDIATION PROCESS
(a) Orientation Session. On commencement of the mediation session, a mediator shall inform all parties that the process is consensual in nature, that the mediator is an impartial facilitator, and that the mediator may not impose or force any settlement on the parties.
(b) Appropriateness of Mediation. The mediator shall assist the parties in evaluating the benefits, risks, and costs of mediation and alternative methods of problem solving available to them. A mediator shall not unnecessarily or inappropriately prolong a mediation session if it becomes apparent that the case is unsuitable for mediation or if one or more of the parties is unwilling or unable to participate in the mediation process in a meaningful manner.
(c) Avoidance of Delays. A mediator shall plan a work schedule so that present and future commitments will be fulfilled in a timely manner. A mediator shall refrain from accepting appointments when it becomes apparent that completion of the mediation assignments accepted cannot be done in a timely fashion. A mediator shall perform the mediator’s services in a timely and expeditious fashion, avoiding delays wherever possible.
RULE 10.060 SELF-DETERMINATION
(a) Parties’ Right to Decide. A mediator shall assist the parties in reaching an informed and voluntary settlement. Decisions are to be made voluntarily by the parties themselves.
(b) Prohibition of Mediator Coercion. A mediator shall not coerce or unfairly influence a party into a settlement agreement and shall not make substantive decisions for any party to a mediation process.
(c) Prohibition of Misrepresentation. A mediator shall not intentionally or knowingly misrepresent material facts or circumstances in the course of conducting a mediation.
*767 (d) A Balanced Process. A mediator shall promote a balanced process and shall encourage the parties to conduct the mediation deliberations in a nonadversarial manner.
(e) Responsibility to Nonparticipating Parties. A mediator shall promote consideration of the interests of persons affected by actual or potential agreements and who are not represented at the bargaining table.
(f) Mutual Respect. A mediator shall promote mutual respect among the parties throughout the mediation process.
Committee Note
While a mediator has no duty to specifically advise a party as to the legal ramifications or consequences of a proposed agreement, there is a duty for the mediator to advise the parties of the importance of understanding such matters and giving them the opportunity to seek such advice if they desire.
RULE 10.070 IMPARTIALITY
(a) Impartiality. A mediator shall be impartial and advise all parties of any circumstances bearing on possible bias, prejudice, or impartiality. Impartiality means freedom from favoritism or bias in word, action, and appearance. Impartiality implies a commitment to aid all parties, as opposed to an individual party, in moving toward an agreement.
(1) A mediator shall maintain impartiality while raising questions for the parties to consider as to the reality, fairness, equity, and feasibility of proposed options for settlement.
(2) A mediator shall withdraw from mediation if the mediator believes the mediator can no longer be impartial.
(3) A mediator shall not accept or give a gift, request, favor, loan, or any other item of value to or from a party, attorney, or any other person involved in and arising from any mediation process.
(b) Conflicts of Interest and Relationships; Required Disclosures; Prohibitions.
(1)A mediator must disclose any current, past, or possible future representation or consulting relationship with any party or attorney involved in the mediation. Disclosure must also be made of any pertinent pecuniary interest. All such disclosures shall be made as soon as practical after the mediator becomes aware of the interest or the relationship.
(2) A mediator must disclose to the parties or to the court involved any close personal relationship or other circumstance, in addition to those specifically mentioned earlier in this rule, which might reasonably raise a question as to the mediator’s impartiality. All such disclosures shall be made as soon as practical after the mediator becomes aware of the interest or the relationship.
(3) The burden of disclosure rests on the mediator. After appropriate disclosure, the mediator may serve if both parties so desire. If the mediator believes or perceives that there is a clear conflict of interest, he or she should withdraw, irrespective of the expressed desires of the parties.
(4) A mediator shall not provide counsel-ling or therapy to either party during the mediation process, nor shall a mediator who is a lawyer represent either party in any matter during the mediation.
(5) A mediator shall not use the mediation process to solicit, encourage, or otherwise incur future professional services with either party.
Committee Notes
The duty to disclose potential conflicts includes the fact of membership on a board of directors, full-time or part-time service as a representative or advocate, consultation work for a fee, current stock or bond ownership (other than mutual fund shares or appropriate trust arrangements), or any other pertinent form of managerial, financial, or immediate family interest of the party involved. A mediator who is a member of a law firm is obliged to disclose any representational relationship the member firm may have had with the parties.
*768 Mediators establish personal relationships with many representatives, attorneys, mediators, and other members of various professional associations. There should be no attempt to be secretive about such friendships or acquaintances but disclosure is not necessary unless some feature of a particular relationship might reasonably appear to impair impartiality.
RULE 10.080 CONFIDENTIALITY
(a) Required. A mediator shall preserve and maintain the confidentiality of all mediation proceedings except where required by law to disclose information.
(b) When Disclosure Permitted. A mediator shall keep confidential from the other parties any information obtained in individual caucuses unless the party to the caucus permits disclosure.
(c) Records. A mediator shall maintain confidentiality in the storage and disposal of records and shall render anonymous all identifying information when materials are used for research, training, or statistical compilations.
Statutory References
§ 44.102(3), Fla.Stat.
§§ 90.501-510, Fla.Stat.
RULE 10.090 PROFESSIONAL ADVICE
(a) Generally. A mediator shall not provide information the mediator is not qualified by training or experience to provide.
(b) Independent Legal Advice. When a mediator believes a party does not understand or appreciate how an agreement may adversely affect legal rights or obligations, the mediator shall advise the participants to seek independent legal counsel.
(c) When Party Absent. If one of the parties is unable to participate in a mediation process for psychological or physical reasons, a mediator should postpone or cancel mediation until such time as all parties are able and willing to resume. Mediators may refer the parties to appropriate resources if necessary.
(d) Personal Opinion. While a mediator may point out possible outcomes of the case, under no circumstances may a mediator offer a personal or professional opinion as to how the court in which the case has been filed will resolve the dispute.
Committee Note
Mediators who are attorneys should note Florida Bar Committee on Professional Ethics, formal opinion 86-8 at 1239, which states that the lawyer-mediator should “explain the risks of proceeding without independent counsel and advise the parties to consult counsel during the course of the mediation and before signing any settlement agreement that he might prepare for them.”
RULE 10.100 FEES AND EXPENSES
(a) General Requirements. A mediator occupies a position of trust with respect to the parties and the courts. In charging for services and expenses, the mediator must be governed by the same high standards of honor and integrity that apply to all other phases of the mediator’s work. A mediator must endeavor to keep total charges for services and expenses reasonable and consistent with the nature of the case. If fees are charged, a mediator shall give a written explanation of the fees and related costs, including time and manner of payment, to the parties prior to the mediation. The explanation shall include:
(1) the basis for and amount of charges, if any, for:
(A) mediation sessions;
(B) preparation for sessions;
(C) travel time;
(D) postponement or cancellation of mediation sessions by the parties and the circumstances under which such charges will normally be assessed or waived;
(E) preparation of the parties’ written mediation agreement;
(F) all other items billed by the mediator; and
(2) The parties’ pro rata share of mediation fees and costs if previously determined by the court or agreed to by the parties.
(b) Records. A mediator shall maintain adequate records to support charges for services and expenses and shall make an *769 accounting to the parties or to the court upon request.
(c) Referrals. No commissions, rebates, or similar remuneration shall be given or received by a mediator for referral of clients for mediation or related services.
(d) Contingent Fees. A mediator shall not charge a contingent fee or base a fee in any manner on the outcome of the process.
(e) Principles. A mediator should be guided by the following general principles:
(1) Time charges for a mediation session should not be in excess of actual time spent or allocated for the session.
(2) Time charges for preparation should not be in excess of actual time spent.
(3) Charges for expenses should be for expenses normally incurred and reimbursable in mediation cases and should not exceed actual expenses.
(4) When time or expenses involve 2 or more sets of parties on the same day or trip, such time and expense charges should be prorated appropriately.
(5) A mediator may specify in advance a minimum charge for a mediation session without violating this rule.
(6) When a mediator is contacted directly by the parties for mediation services, the mediator has a professional responsibility to respond to questions regarding fees by providing a copy of the basis for charges for fees and expenses.
RULE 10.110 CONCLUDING MEDIATION
(a) With Agreement.
(1) Full Agreement. The mediator shall cause the terms of any agreement reached to be memorialized appropriately and discuss with the participants the process for formalization and implementation of the agreement.
(2) Partial Agreement. When the participants reach a partial agreement, the mediator shall discuss the procedures available to resolve the remaining issues.
(3) Integrity of the Agreement. The mediator shall not knowingly assist the parties in reaching an agreement which for reasons such as fraud, duress, overreaching, the absence of bargaining ability, or unconscionability would be unenforceable.
(b) Without Agreement.
(1) Termination by Participants. The mediator shall not require a participant’s further presence at a mediation conference when it is clear the participant desires to withdraw.
(2) Termination by Mediator. If the mediator believes that the participants are unable or unwilling to participate meaningfully in the process or that an agreement is unlikely, the mediator shall suspend or terminate the mediation. The mediator should not prolong unproductive discussions that would result in emotional and monetary costs to the participants. The mediator shall not continue to provide mediation services where there is a complete absence of bargaining ability.
Committee Note
Florida Rule of Civil Procedure 1.730(b) requires that any agreement reached be reduced to writing. Mediators have an obligation to insure this rule is complied with, but are not themselves required to write the agreement.
RULE 10.120 TRAINING AND EDUCATION
(a) Training. A mediator is obligated to acquire knowledge and training in the mediation process, including an understanding of appropriate professional ethics, standards, and responsibilities. Upon request, a mediator is required to disclose the extent and nature of the mediator’s training and experience.
(b) Continuing Education. It is important that mediators continue their professional education throughout the period of their active service. A mediator shall be personally responsible for ongoing professional growth, including participation in such continuing education as may be required by law.
*770 (c) New Mediator Training. An experienced mediator should cooperate in the training of new mediators, including serving as a mentor.
RULE 10.130 ADVERTISING
All advertising by a mediator must represent honestly the services to be rendered. No claims of specific results or promises which imply favoritism to one side should be made for the purpose of obtaining business. A mediator shall make only accurate statements about the mediation process, its costs and benefits, and about the mediator’s qualifications.
RULE 10.140 RELATIONSHIPS WITH OTHER PROFESSIONALS
(a) Responsibility of the Mediator Toward Other Mediators.
(1) Relationship with Other Mediators. A mediator should not mediate any dispute that is being mediated by another mediator without first endeavoring to consult with the person or persons conducting such mediation.
(2) Co-Mediation. In those situations where more than one mediator is participating in a particular case, each mediator has a responsibility to keep the others informed of developments essential to a cooperative effort. The wishes of the parties supersede the interests of the mediators.
(b) Relationship with Other Professionals.
(1) Cooperation. A mediator should respect the relationship between mediation and other professional disciplines including law, accounting, mental health, and the social services and should promote cooperation between mediators and other professionals.
(2) Prohibited Agreements. A mediator shall not participate in offering or making a partnership or employment agreement that restricts the rights of a mediator to practice after termination of the relationship, except an agreement concerning benefits upon retirement.
RULE 10.150 ADVANCEMENT OF MEDIATION
(a) Pro Bono Service. Mediators have a professional responsibility to provide competent services to persons seeking their assistance, including those unable to pay for such services. As a means of meeting the needs of the financially disadvantaged, a mediator should provide mediation services pro bono or at a reduced rate of compensation whenever appropriate.
(b) Support of Mediation. A mediator should support the advancement of mediation by encouraging and participating in research, evaluation, or other forms of professional development and public education.
PART III. DISCIPLINE
RULE 10.160 SCOPE AND PURPOSE
These rules apply to all proceedings before all panels and committees of the mediator qualifications board involving the discipline or decertification of certified mediators or noncertified mediators appointed to mediate a case pursuant to Florida Rules of Civil Procedure 1.700 through 1.750. The purpose of these rules of discipline is to provide a means for enforcing the Florida Rules for Certified and Court-appointed Mediators.
RULE 10.170 PRIVILEGE TO MEDIATE
Certification to mediate confers no vested right to the holder thereof, but is a conditional privilege that is revocable for cause.
RULE 10.180 DEFINITIONS
(a) Board. The mediator qualifications board.
(b) Center. The Florida Dispute Resolution Center of the Office of the State Courts Administrator.
(c) Complaint Committee. Three members of the board from the division in which a complaint against a mediator originates.
(d) Division. One of 3 standing divisions of the mediator qualifications board, established on a regional basis.
*771 (e) Mediator. A person certified by the Florida Supreme Court or an individual mediating pursuant to court order.
(f) Panel. Five members of the board from the division in which a complaint against a mediator originates.
RULE 10.190 MEDIATOR QUALIFICATIONS BOARD
(a) Generally. The mediator qualifications board shall be composed of 3 standing divisions that shall be located in the following regions:
(1) One division in north Florida, encompassing the First, Second, Third, Fourth, Eighth, and Fourteenth Judicial Circuits;
(2) One division in central Florida, encompassing the Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, and Eighteenth Judicial Circuits;
(3) One division in south Florida, encompassing the Eleventh, Fifteenth, Sixteenth, Seventeenth, Nineteenth, and Twentieth Judicial Circuits.
Other divisions may be formed by the Supreme Court based on need.
(b) Composition of Divisions. Each division of the board shall be composed of the following members:
(1) three circuit or county judges;
(2) three certified county mediators;
(3) three certified circuit mediators;
(4) three certified family mediators, at least 2 of whom shall be nonlawyers; and
(5) three attorneys licensed to practice law in Florida who have a substantial trial practice and are neither certified as mediators nor judicial officers during their terms of service on the board, at least one of whom shall have a substantial divorce law practice.
(c) Appointment; Terms. Eligible persons shall be appointed to the board by the chief justice of the Supreme Court of Florida for a period of 4 years. The terms of the board members shall be staggered. The initial terms of the members shall be as follows:
(1) The judge members and the certified family mediators will be appointed for 2-year terms.
(2) The certified circuit mediators, the certified county mediators, and the members of the Florida Bar will be appointed for 4-year terms.
(d) Panels. Each panel of the board shall be composed of 5 members. A panel shall cease to exist after disposing of all assigned cases. Each panel shall be composed of:
(1) one circuit or county judge, who shall serve as the chair;
(2) three certified mediators, at least one of whom shall be certified in the area to which the complaint refers; and
(3) one attorney.
(e) Panel Vice-Chair. Each panel once appointed shall elect a vice-chair. The vice-chair shall act as the chair of the panel in the absence of the chair.
RULE 10.200 JURISDICTION
(a) Generally. Each panel shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any proceeding. The judge presiding over each panel has the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, to order the production of records or other documentary evidence, and the power of contempt.
(b) No Investigatory Function. The panel shall have adjudicatory functions only. The panel shall not have any investigatory functions.
RULE 10.210 STAFF
The center shall provide all staff support to the board necessary to fulfill its duties and responsibilities under these rules.
RULE 10.220 COMPLAINT COMMITTEE PROCESS
(a) Initiation of Complaint. Any individual wishing to make a complaint alleging that a mediator has violated one or more provisions of these rules shall do so in writing under oath. The complaint shall state with particularity the specific facts that form the basis of the complaint.
*772 (b)Filing. The complaint shall be filed with the center, or, in the alternative, the complaint may be filed in the office of the court administrator in the circuit in which the case originated or, if not case specific, in the circuit where the alleged misconduct occurred.
(e)Referral. The complaint, if filed in the office of the court administrator, shall be referred to the center within 5 days of filing.
(d) Service. The center shall send a copy of the complaint and a copy of these rules to the mediator in question. Service on the mediator shall be made by registered or certified mail addressed to the mediator at the mediator’s place of business or residence.
(e) Response. Within 20 days of receipt of the complaint, the mediator shall send a written response to the center by registered or certified mail. If the mediator does not respond, the allegations are deemed admitted.
(f) Assignment to Committee. Upon receipt of a mediator’s response to a complaint, but no later than 30 days after the complaint is served on the mediator, the center will assign the complaint to a complaint committee. A complaint committee shall include:
(1) one judge or attorney, who shall act as the chair of the committee;
(2) one mediator, who is certified in the area to which the complaint refers; and
(3) one other certified mediator.
(g) Review. The complaint committee shall review the complaint and the response and determine whether there is probable cause to believe that the alleged mediator misconduct would constitute a violation of the rules.
(h) Probable Cause Found. If probable cause exists, the complaint committee may refer the complaint to the center for assignment to a panel. In the alternative, the complaint committee may meet with the complainant and the mediator in an effort to resolve the matter. This resolution may include sanctions if agreed to by the mediator. If the matter is not resolved in this manner, the complaint shall be referred to the center.
(i) No Probable Cause. If probable cause does not exist, the complaint committee shall dismiss the complaint with letters to the complainant and to the mediator stating that the complaint does not allege a violation of these rules.
(j) Formal Charges. If the complaint committee refers a complaint to the center, the complaint committee shall submit to the center formal charges which shall include a short and plain statement of the matters asserted in the complaint and references to the particular sections of the rules involved.
RULE 10.230 HEARING PROCEDURES
(a) Assignment to Panel. Upon referral of a complaint and formal charges from a complaint committee, the center shall assign the complaint and formal charges to a panel for hearing, with notice of assignment to the complainant and the mediator. No member of the complaint committee shall serve as a member of the panel.
(b) Prosecuting Counsel. After considering the circumstances of the complaint and the complexity of the issues to be heard, the center may appoint counsel to prosecute the complaint.
(c) Hearing. The center shall schedule a hearing not more than 90 days nor less than 30 days from the date of notice of assignment of the matter to the panel.
(d) Dismissal. The action may be dismissed by filing a stipulation of dismissal signed by the complainant and the mediator.
(e) Procedures for Hearing. The procedures for hearing shall be as follows:
(1) No hearing shall be conducted without 5 panel members being present.
(2) The hearing may be conducted informally but with decorum.
(3) The rules of evidence applicable to trial of civil actions apply but are to be liberally construed.
(4) Upon a showing of good cause, testimony of any party or witness may be presented over the telephone. Addi *773 tionally, at the discretion of the panel an attorney may represent a party or witness over the telephone without being physically present before the panel.
(f) Pro Se Parties. In an effort to secure substantial justice, the panel shall assist any party not represented by an attorney on procedure to be followed, presentation of material evidence, and questions of law.
(g) Failure to Appear. If the complainant fails to appear at the hearing, the action may be dismissed for want of prosecution, absent a showing of good cause.
(h) Mediator’s Absence. If the mediator fails to appear, absent a showing of good cause, the hearing shall proceed.
(i) Rehearing. If the matter is heard in the mediator’s absence, the mediator may petition for rehearing, for good cause, within 10 days of the date of the hearing.
(j) Recording. Any party shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings recorded and transcribed at the party’s expense.
(k) Dismissal. Upon dismissal by the panel of formal charges, the panel shall promptly file a copy of the dismissal order with the center.
(l) Sanctions. If, after the hearing, a majority of the panel finds that there is clear and convincing evidence to support a violation of the rules, the panel shall impose such sanctions included in rule 10.240 as it deems appropriate.
RULE 10.240 SANCTIONS
(а) Generally. The panel may impose one or more of the following sanctions:
(1) imposition of costs of the proceeding;
(2) oral admonishment;
(3) written reprimand;
(4) additional training to be completed;
(5) restriction on types of cases which can be mediated in the future;
(б) suspension for a period of up to one year; or
(7)decertification or, if the mediator is not certified, bar from service as a mediator under the Florida Rules of Civil Procedure.
(b) Decertified Mediators. If a mediator has been decertified or barred from service pursuant to these rules, the mediator shall not thereafter be certified in any circuit nor assigned to mediate a case pursuant to Florida Rule of Civil Procedure 1.700 nor be designated as a mediator pursuant to rule 1.720(f) unless reinstated.
(c) Decision to be Filed. Upon making a determination that discipline is appropriate, the panel shall promptly file with the center a copy of the decision including findings and conclusions certified by the chair of the panel. The center shall promptly mail to all parties notice of such filing, together with a copy of the decision.
(d) Notice to Circuits. The center shall notify all circuits of any mediator who has been decertified or suspended if an appeal has not been filed pursuant to the Florida Rules of Appellate Procedure.
(e) Reinstatement. A mediator who has been suspended or decertified may be reinstated as a certified mediator. Except as otherwise provided in the decision of the panel, no application for reinstatement may be tendered within 2 years after the date of decertification. The reinstatement procedures shall be as follows:
(1) A petition for reinstatement, together with 3 copies, shall be made in writing, verified by the petitioner, and filed with the center.
(2) The petition for reinstatement shall contain:
(A) name, age, residence, and address of petitioner;
(B) the offense or misconduct upon which the suspension or decertification was based, together with the date of such suspension or decertification; and
(C) a concise statement of facts claimed to justify reinstatement as a certified mediator.
(3) The center shall refer the petition for reinstatement to the appropriate division for review.
(4) The division shall review the petition with or without hearing and, if the petitioner is found to be unfit to me *774 diate, the petition shall be dismissed. If the petitioner is found fit to mediate, the division shall notify the center and the center shall reinstate the petitioner as a certified mediator; provided, however, if the decertification has continued for more than 3 years, the reinstatement may be conditioned upon the completion of a certified training course as provided for in these rules.
RULE 10.250 SUBPOENAS
(a) Issuance. Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery and for the appearance of any person before the panel or any member may be issued by the chair or vice-chair in the absence of the chair and be served in any manner provided by law for the service of witness subpoenas in a civil action.
(b) Failure to Obey. Any person who, without adequate excuse, fails to obey such a subpoena served upon him or her may be cited for contempt of the panel, which may make application to a judge for enforcement of any subpoena or citation of contempt.
RULE 10.260 CONFIDENTIALITY
(a) Generally. Until formal charges are filed, all proceedings shall be confidential. Upon filing of formal charges, such charges and all further proceedings shall be public.
(b) Papers to be Marked. All notices, papers, and pleadings mailed prior to formal charges being filed shall be enclosed in a cover marked “confidential.”
(c) Breach of Confidentiality. Violation of confidentiality by a member of the board shall subject the member to removal by the chief justice of the Supreme Court of Florida.
RULE 10.270 INTERESTED PARTY
A mediator is disqualified from serving on a committee or panel proceeding involving the mediator’s own discipline or decerti-fication.
RULE 10.280 DISQUALIFICATION OF MEMBERS OF A PANEL ' OR COMMITTEE
(a) Procedure. In any case, any party may at any time before final judgment show by a suggestion filed in the case that a member of the board before which the case is pending, or some person related to that member, is a party to the case or is interested in the result of the case or that the member is related to an attorney or counselor of record in the case or that the member is a material witness for or against one of the parties to the case.
(b) Facts to be Alleged. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.
(c) Time for Motion. A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.
(d) Action by Chair. The chair of the appropriate committee or panel shall determine only the legal sufficiency of the motion. The chair shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the chair shall enter an order of disqualification and the disqualified committee or panel member shall proceed no further in the action. In the event that the chair is the challenged member, the vice-chair shall perform the acts required under this subdivision.
(e) Recusals. Nothing in this rule limits a board member’s authority to enter an order of recusal on the board member’s own initiative.
(f) Replacement. The center shall assign a board member to take the place of any disqualified or recused member.
(g) Qualifications. Each assignee shall have the same qualifications as the disqualified or recused member.
RULE 10.290 SUPREME COURT REVIEW
(a) Right of Review. There shall be a right of review from a determination made by the panel. Review of this type shall be under the jurisdiction of the Florida Supreme Court. Notice of review shall be *775 filed with the clerk of the Florida Supreme Court.
(b) Rules of Procedure. The Florida Rules of Appellate Procedure shall be applicable to review by the Supreme Court of Florida.